HOLMES, APPELLANT, *v.* KREPPS, APPELLEE.

[Cite as Holmes v. Krepps (1972), 32 Ohio St. 2d 134.]

(No. 72-195—Decided December 13, 1972.)

*Messrs. Knepper, White, Richards & Miller, Mr. R. Douglas Wrightsel, Messrs. Jeisel & Gordon,* and *Mr. John Jeisel, III,* for appellant.

*Messrs. Addison & Smith* and *Mr. Richard C. Addison,* for appellee.

*Per Curiam.* This appeal is from a judgment of the Court of Appeals vacating a default judgment for failure of service of process and denying plaintiff's motion for certification and transmission of a supplemental record. The question before this court is limited to whether consideration by the Court of Appeals of the supplemental evidence was properly refused.

At the hearing before the trial court on the motion to vacate the default judgment, defendant and a sheriff's deputy gave conflicting testimony concerning an attempted personal service of process upon defendant. At the close of the hearing, without determining whether defendant had in fact "refused service," the trial court held for plaintiff, finding that there was sufficient notification by mail to establish jurisdiction. Defendant appealed.

Plaintiff then moved to have certain other testimony which had been given under oath by defendant included in the record to be certified for appeal. This testimony was heard by the same trial judge at a judgment-debtor exam-

ination on the day following the original default judgment. The testimony allegedly is damaging to defendant and in conflict with responses he gave to similar questions at the later hearing on the motion to vacate.

The trial court initially ordered certification of the supplemental record containing a portion of the judgment-debtor's examination, because it would be "expeditious to have the whole business before the Court of Appeals." Later, upon its own motion, the trial court reversed itself on the ground that since the appeal questioned the court's jurisdiction, it was without jurisdiction to order the judgment-debtor examination.

The Court of Appeals also denied plaintiff's motion to certify additional parts of the record. Upon the record as certified, it held for defendant, finding that there had been "avoidance" but not "refusal of service," and that, in the absence of "refusal," further efforts of the court or the sheriff's office to obtain service were insufficient.

The resolution of the ultimate question in this case hinges upon whether or not defendant "refused" service, and the only testimony in the record is admittedly in direct conflict. We are persuaded that additional testimony was available which might have affected the decision of the Court of Appeals.

App. R. 9(E) (Correction or modification of the record) states, in pertinent part:

". . . If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the trial court, either before or after the record is transmitted to the Court of Appeals, or the Court of Appeals, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. . . ."

It was within the discretion of the Court of Appeals, acting either on plaintiff's motion or on its own initiative, to utilize the additional testimony which might clarify the facts surrounding the attempted service of process and reflect upon the credibility of a witness.

136

Defendant, in effect, argues that where a motion (the motion to vacate) questions jurisdiction, any evidence taken at a hearing at which such jurisdiction is presumed is not admissible to determine the question of jurisdiction or of service of process. We do not agree. In the instant case, the defendant was in fact before the court following the default judgment. There, he testified without objection to the jurisdiction of the court. His testimony allegedly supports jurisdiction.

Defendant also argues that since the trial court did not consider the judgment-debtor examination testimony, the Court of Appeals should not consider it either. This argument does not appear to square with the record. The trial court initially included the entire judgment-debtor examination in the record for certification, and later spoke of getting "the whole business before the Court of Appeals at that time." Although the trial court ultimately avoided considering the missing testimony to establish "refusal" of service, it made such consideration unnecessary by holding the subsequent mail service to be valid.

We conclude that the omitted testimony in question should be added to the record, and that the entire record be considered. The judgment of the Court of Appeals is therefore reversed and the cause is remanded to that court for proceedings consistent herewith.

*Judgment reversed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, CORRIGAN, STERN and LEACH, JJ., concur.
BROWN, J., dissents.