{¶ 12} I respectfully dissent. This case presents the classic situation of an Agreed Statement of Facts that appears now to be not so agreed. The Defendant alleges that his conviction for domestic violence must be reversed because the State of Ohio failed to prove an essential element of that crime, namely the element involving a "family or household member."
 {¶ 13} Appellant's argument is primarily based on the fact that the Agreed Statement of Facts submitted under App.R. 9(C) failed to include any reference to testimony during the State's case in chief on this element. The State contends in their brief testimony did exist on this issue. The Agreed Statement of Facts did not mention whether any objections were made and preserved by the Defendant on this issue or if the Defendant moved for a Crim.R. 29 motion.
 {¶ 14} App.R. 9(E), in pertinent part, provides: if any difference arises as to whether the record truly discloses what occurred in the trial court . . . if anything material to either party is omitted from the record by error or accident or is misstated therein . . . the Courtof Appeals on proper suggestion or on its own initiative, may direct that omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. (Emphasis added.)
 {¶ 15} It appears that a material omission or misstatement by error or accident exists. Therefore, in my mind, there is a material question as to what actually transpired at trial and whether the record properly reflects the same.
 {¶ 16} This Court has discussed the use of App.R. 9(E) in Fears v.Morris (1995), Ross App. No. 94CA2063, 1995 WL 563279 (Ohio App. 4 Dist.), in a different factual setting, however, the use of said rule seems appropriate in this case. See also Holmes v. Krepps (1972),32 Ohio St.2d 134, 290 N.E.2d 573.
 {¶ 17} In fairness to all involved, I would remand this matter pursuant to App.R. 9(E) for clarity on this issue and then proceed accordingly upon receipt thereof.
 JUDGMENT ENTRY
It is ordered that the judgment be reversed and the appellant be discharged. Appellant shall recover of appellee the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J.: Concurs in Judgment Opinion
McFarland, J.: Dissents with Dissenting Opinion