OPINION
{¶ 1} Defendant-appellant John E. Gearhart, Jr. appeals from his conviction and sentence, following a no-contest plea, for Aggravated Menacing, a first-degree misdemeanor. Gearhart contends that the trial court failed to comply with the *Page 2 
requirements of Crim. R. 11, when taking his no-contest plea, which was accompanied by protestations of innocence. He also contends that the trial court abused its discretion in imposing the maximum, six-month sentence for the offense.
 {¶ 2} The State contends that this appeal is moot, because it is from a misdemeanor conviction, Gearhart has completed his jail sentence for the offense, no fine was imposed, and Gearhart has not demonstrated any collateral disability that will result from his conviction. We agree with the State. Accordingly, this appeal is Dismissed.
 I {¶ 3} Gearhart was charged with Aggravated Menacing, Resisting Arrest, and Disorderly Conduct, all arising out of an incident in which he allegedly threatened to shoot a family of three, in their driveway, with a machine gun that he allegedly had. Gearhart ultimately pled guilty to Aggravated Menacing, the other charges were dismissed, and he was sentenced to six months in jail, the maximum sentence for Aggravated Menacing.
 {¶ 4} No fine was imposed, the jail sentence was terminated on June 19, 2008, he was released from jail without restrictions, and he was transported to prison to serve a sentence for a felony conviction.
 {¶ 5} Gearhart appeals from his Aggravated Menacing conviction. He assigns two errors, as follows:
 {¶ 6} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT ACCEPTED APPELLANT'S NO CONTEST PLEA BECAUSE IT FAILED TO FOLLOW *Page 3 
THE MANDATORY PROCEDURE OF CRIM. R. 11 PRIOR TO ACCEPTING APPELLANT'S PLEA.
 {¶ 7} "THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO THE MAXIMUM SENTENCE OF SIX MONTHS FOR AGGRAVATED MENACING BECAUSE IT FAILED TO TAKE INTO ACCOUNT THE OVERRIDING PURPOSE OF THE MISDEMEANOR SENTENCING STATUTE."
 {¶ 8} The record offers little support for Gearhart's Second Assignment of error; the trial court did not offer any reasons for its imposition of the sentence. The record does offer some support for the First Assignment of Error. After Gearhart tendered his no-contest plea, and the State recited the facts it was prepared to prove in support of the Aggravated Menacing charge, Gearhart made a series of rambling statements about his activities at the time of the alleged offense. At one point, he said: "No gun was ever threatened," presumably a denial of the allegation that he had threatened to shoot the victims with a machine gun.
 {¶ 9} The trial court did elicit testimony from one of the victims, after Gearhart made his statements, before accepting the plea. But the trial court never specifically addressed the issue of why Gearhart had decided to plead no contest if he believed himself to be innocent. Gearhart argues that in having repeatedly objected to and challenged the facts alleged by the State, he demonstrated that he did not understand that by pleading no contest he would be relinquishing any defense to the charge. Even the State seems to have had some concern; after Gearhart made his statements, the State sought to withdraw the plea offer: "This is a challenge to the facts. It is not part of the no contest plea and we would at this time withdraw our offer for Aggravated *Page 4 
Menacing. We're prepared to go to trial on all three charges."
 II {¶ 10} In its brief, the State makes the threshold argument that this appeal is moot. The State relies upon State v. Berndt (1987),29 Ohio St.3d 3, and State v. Wilson (1975), 41 Ohio St.2d 236, for the proposition that:
 {¶ 11} "Where a defendant, convicted of a criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction." State v.Wilson, supra, syllabus, quoted approvingly in State v. Berndt, supra, at 29 Ohio St.3d 4.
 {¶ 12} The rule of mootness announced in State v. Wilson, supra, and in State v. Berndt, supra, was relaxed for appeals from felony convictions, because: "The collateral legal consequences associated with a felony conviction are severe and obvious." State v. Golston (1994),71 Ohio St.3d 224, 227. But the rule of mootness remains good law, as far as we know, in appeals from misdemeanor convictions, like the appeal before us.
 {¶ 13} The State asserts, and Gearhart does not deny, that: (1) Gearhart's jail sentence has been terminated, with no suspension of that sentence remaining unexecuted; (2) no fine was imposed; and (3) no adverse collateral legal consequences have been shown. Accordingly, following State v. Wilson, supra, and State v. Berndt, supra, we agree with the State that this appeal is moot. Accordingly, this appeal is Dismissed. *Page 5 
DONOVAN, P.J., and BROGAN, J., concur.
Copies mailed to:
Patrick J. Bonfield/Deirdre E. Logan Mary Welsh Susan R. Bridgman Hon. Bill C. Littlejohn *Page 1