[Cite as *Cleveland v. Kutash*, 2013-Ohio-5124.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 99509

## CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

## STEVEN KUTASH

DEFENDANT-APPELLANT

### JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2012 TRD 070703

**BEFORE:** E.T. Gallagher, J., Celebrezze, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** November 21, 2013

**ATTORNEY FOR APPELLANT**

Eric M. Levy
55 Public Square, Suite 1600
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
Law Director
City of Cleveland
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114-1077

BY:    Victor R. Perez
Chief City Prosecuting Attorney
Ashley Garrett
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

**{¶1}** Defendant-appellant Steven Kutash ("Kutash") appeals his misdemeanor stop sign conviction. We find no merit to the appeal and affirm.

**{¶2}** On December 1, 2012, Cleveland Police Officer Vu Ngyen ("Ngyen") cited Kutash for allegedly failing to come to a complete stop at a stop sign. Ngyen wrote a traffic ticket that contained Kutash's personal identifying information, his vehicle information, and an arraignment date of December 14, 2012. The ticket also indicated that it charged a fourth-degree misdemeanor because Kutash had a prior speeding conviction. There were no offenses written on Kutash's copy of the ticket, but both Ngyen and Kutash signed the ticket.

**{¶3}** On December 6, 2012, Kutash filed a motion to dismiss, arguing the trial court lacked jurisdiction to hear the case because the complaint failed to contain any charges. Kutash attached a copy of the ticket he received showing that no offenses had been written on the ticket. The original ticket and complaint was filed in the Cleveland Municipal Court on December 10, 2012. The copy of the ticket filed with the court charged Kutash with two traffic violations: (1) failure to stop at a stop sign in violation of Cleveland Codified Ordinances ("CCO") 431.19, and (2) a change of course violation in violation of CCO 631.14. Kutash contends he was never served with a copy of the complaint alleging these offenses.

**{¶4}** The arraignment judge entered a not guilty plea on Kutash's behalf. At a subsequent pretrial, Kutash and the city of Cleveland reached a plea agreement in which

Kutash agreed to plead no contest to an amended stop sign violation, which was a minor misdemeanor but included a two-point assessment to his driver's license.

{¶5} Initially, the court was hesitant to accept the plea because Kutash's lawyer had mentioned off the record that he wanted the court to rule on his motion to dismiss. However, when the court stated it would continue the case to allow the city time to respond to the motion, the following exchange took place:

> MR LEVY: He will withdraw the motion, your Honor, enter a plea and resolve this matter today.
>
> THE COURT: Is that what he really wants to do. Do you understand all this?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: All right. I'll note that the defense has withdrawn the motion to dismiss for lack of jurisdiction.

{¶6} Following a Crim.R. 11(E) colloquy, Kutash pleaded no contest to the minor misdemeanor. The court sentenced him to a $60 fine and court costs. Kutash now appeals and raises two assignments of error.

### Personal and Subject-Matter Jurisdiction

{¶7} In the first assignment of error, Kutash argues the trial court lacked jurisdiction over his case because he was never served with the ticket containing the alleged offenses. He also argues that the lack of subject-matter jurisdiction cannot be waived.

**{¶8}** Whether a court has jurisdiction is a question of law we review de novo. *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136, ¶ 4-5.

**{¶9}** The term "jurisdiction" refers to the court's statutory or constitutional authority to hear a case. *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 11. The concept encompasses jurisdiction over the subject matter of a case as well as jurisdiction over the person. *Id.* Because subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time. *United States v. Cotton*, 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002); *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 75, 1998-Ohio-275, 701 N.E.2d 1002. A judgment rendered by a court lacking subject-matter jurisdiction is void. *Patton v. Diemer*, 35 Ohio St.3d 68, 518 N.E.2d 941 (1988), paragraph three of the syllabus.

**{¶10}** Unlike courts of common pleas, which are created by the Ohio Constitution and have statewide subject-matter jurisdiction,[1] municipal courts are statutorily created, and their subject-matter jurisdiction is set by statute. R.C. 1901.20(A)(1) gives municipal courts subject-matter jurisdiction over the "violation of any ordinance of any municipal corporation within its territory." *See also State ex rel. Brady v. Howell*, 49 Ohio St.2d 195, 360 N.E.2d 704 (1997) (municipal courts have jurisdiction over traffic offenses).

---

[1] *See* Article IV, Section 4(A) and (B), Ohio Constitution.

{¶11} Personal jurisdiction goes to the court's authority to render judgment against a party to an action. In contrast to subject-matter jurisdiction, which is conferred by statute, the court only acquires personal jurisdiction over the defendant when: (1) service of process is completed over the defendant, (2) the defendant *voluntarily appears and submits to the court's jurisdiction*, or (3) the defendant involuntarily submits to the court's jurisdiction. *Maryhew v. Yova*, 11 Ohio St.3d 154, 464 N.E.2d 538 (June 20, 1984).

{¶12} Because subject-matter jurisdiction involves a court's power to hear a case, the issue can never be waived or forfeited and may be raised at any time. *Id.* In contrast to subject-matter jurisdiction, a challenge to personal jurisdiction is waivable by the defendant's voluntary submission at an appearance or by entering a plea. *State v. Holbert*, 38 Ohio St.2d 113, 118, 311 N.E.2d 22 (1974).

{¶13} Kutash argues the trial court did not have jurisdiction over him because he was never served with the ticket containing the charged offenses. He also asserts the ticket and complaint failed to comply with Crim.R. 3, which states, in relevant part: "The complaint is a written statement of the essential facts constituting the offense charged. It shall also state the numerical designation of the applicable statute or ordinance."

{¶14} It is undisputed that Kutash's copy of the ticket did not contain any named offenses or citations to ordinances that would identify any specific charges. However, the complaint filed with the court expressly charged Kutash with: (1) failure to stop at a

stop sign in violation of CCO 431.19, and (2) a change of course violation pursuant to CCO 631.14. Although Kutash's copy of the complaint failed to contain any essential facts, the complaint filed with the court complied with Crim.R. 3.

{¶15} Kutash contends he was forced to submit to the court's jurisdiction because the court indicated at a sidebar that it was not going to rule on his motion to dismiss and that it would allow the city to amend the charges. This would delay resolution of the case and require Kutash to be absent from work to attend future pretrials and maybe a trial. However, we have no record of the sidebar discussion. It would have been helpful for our review if the sidebar discussions had been transcribed by the court reporter or proffered on the record prior to the plea. Without a transcript of the sidebar discussion, we must presume regularity. *N. Olmsted v. Rock*, 8th Dist. Cuyahoga No. 99333, 2013-Ohio-3152, ¶ 21.

{¶16} According to the available transcript, the trial court expressly stated: "If you want the city to respond to that motion [to dismiss], there's no problem. The city will respond to the motion. This matter will be continued until the Court rules on that motion." Instead of allowing the court to hear his objection to the court's jurisdiction and rule on the motion, Kutash voluntarily withdrew the motion and pleaded no contest. He voluntarily submitted to the court's jurisdiction even though he was not properly served with a complaint identifying the charges against him. Therefore, the court had both subject-matter jurisdiction and personal jurisdiction to hear the case.

{¶17} The first assignment of error is overruled.

## No Contest Plea

{¶18} In the second assignment of error, Kutash argues that because the trial court failed to properly take a no contest plea, his conviction should be vacated. He contends the trial court failed to explain the effect of the plea and failed to make a finding of guilt before imposing sentence.

{¶19} Under Crim.R. 11, the trial court's obligations in accepting a plea depend on the level of offense to which the defendant is pleading. *State v. Watkins*, 99 Ohio St.3d 12, 2003-Ohio-2419, 788 N.E.2d 635, ¶ 25. In this case, Kutash was charged with petty offenses, which Crim.R. 2(D) defines as "misdemeanor[s] other than a serious offense[s]."

{¶20} Crim.R. 11(E) states that the court shall not accept a no contest plea without first ensuring that "the defendant understands the effect of the plea of guilty or no contest." "[T]o satisfy the requirement of informing a defendant of the effect of a plea, a trial court must inform the defendant of the appropriate language under Crim.R. 11(B)." *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, paragraph two of the syllabus. Crim.R. 11(B)(2) states that a "plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding."

{¶21} In this case, the trial court never recited the language from Crim.R. 11(B) to explain the effect of the plea. However, this error is harmless. Because the rights

contained in Crim.R. 11(B) and 11(E) are nonconstitutional, Kutash must show that he suffered some prejudice from the court's omission. *Jones* at ¶ 52. The test for prejudice is "whether the plea would have otherwise been made." *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12, citing *State v. Nero*, 56 Ohio St.3d 106, 107, 564 N.E.2d 474 (1990). A defendant who has entered a guilty or no contest plea without asserting actual innocence is presumed to understand the effect of the plea, and the court's failure to inform the defendant of the effect of the plea as required by Crim.R. 11 is presumed not to be prejudicial. *Griggs* at syllabus.

{¶22} Kutash does not argue he was prejudiced by the court's failure to advise him of the effect of his guilty plea, nor is any prejudice apparent on the record. Kutash never asserted his innocence or in any other way indicated he was unaware that his plea would constitute an admission of the truth of the facts alleged in the information. Further, Kutash was represented by counsel. Although he may not have known that his admission of the facts alleged in the information could not be used against him in a subsequent proceeding, any ignorance of this fact cannot be considered prejudicial because this exclusionary rule inures to his benefit. Therefore, under the totality of the circumstances, we find no prejudice resulting from the court's failure to explain the effect of the plea as defined in Crim.R. 11(B).

{¶23} Kutash also argues the trial court never made a finding of guilt before imposing sentence. Before relying on a no contest plea to convict a defendant for any misdemeanor, the court must comply with R.C. 2937.07, which governs "guilty" and "no

contest" pleas in misdemeanor cases. With respect to minor misdemeanors, R.C. 2937.07 states:

> If the offense to which the accused is entering a plea of "no contest" is a minor misdemeanor, the judge or magistrate is not required to call for an explanation of the circumstances of the offense, and the judge or magistrate may base a finding on the facts alleged in the complaint.

Therefore, because Kutash was pleading guilty to a minor misdemeanor, an explanation of the facts surrounding the alleged offense was not required, and the court was free to base its finding on the facts alleged in the complaint.

{¶24} At the plea hearing, the following exchange took place:

> THE COURT: To the minor misdemeanor stop sign charge would you like to withdraw your not guilty plea, enter a plea of no contest, and consent to a finding of guilty?
>
> THE DEFENDANT: Yes, ma'am.
>
> \* \* \*
>
> THE COURT: I will accept your change of plea to the minor misdemeanor signal charge. The minor misdemeanor signal charge will be nolled or dismissed.

Kutash consented to a finding of guilt on the record when he indicated that he wished to plead "no contest." He also never objected at sentencing on grounds that the court never made a finding of guilt. Furthermore, the court's judgment entry indicates it made a guilty finding. Therefore, we find no error in the court's failure to use the precise words, "I find you guilty."

{¶25} The second assignment of error is overruled.

{¶26} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution. Case remanded to the municipal court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., CONCURS;
LARRY A. JONES, SR., J., CONCURS IN JUDGMENT ONLY