[Cite as *State v. Lowery*, 2016-Ohio-7701.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 16CA3533 |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| MYRA R. LOWERY, | : | |
| | : | |
| Defendant-Appellant. | : | **Released: 11/09/16** |

_____

APPEARANCES:

Aaron M. McHenry, Chillicothe, Ohio, for Appellant.

Sherri K. Rutherford, City of Chillicothe Law Director, and Benjamin A. Sigall, City of Chillicothe Assistant Law Director, Chillicothe, Ohio, for Appellee.

_____

McFarland, J.

**{¶1}** Myra R. Lowery appeals from the entry of sentence on violation of community control of the Chillicothe Municipal Court filed January 29, 2016. Appellant contends the trial court erred by exercising jurisdiction over Appellant contrary to R.C. 2951.022. Upon review, we find Appellant has served the jail sentence imposed and there is no relief which can now be afforded to her. As such, the matter is moot and we decline to consider her arguments. Accordingly, we dismiss this appeal.

FACTS

{¶2} In February 2015, Appellant was convicted of assault in the Chillicothe Municipal Court.  On February 27, 2015, she was sentenced to a fine, court costs, a jail term, and as part of her sentence, she was placed on community control for two years.

{¶3} On November 17, 2015, Appellant's probation officer filed a complaint alleging a violation of the terms of community control.  On January 29, 2016, the Chillicothe Municipal Court held a hearing on the alleged violation.  During the hearing, Appellant's counsel moved to dismiss the complaint, arguing the municipal court had no jurisdiction in the matter because Appellant was also on community control in the Ross County Common Pleas Court.  The trial court denied Appellant's motion.

{¶4} At the conclusion of the revocation hearing, the trial court found Appellant had violated the terms of her community control and sentenced her to 30 days in jail, with credit for 2 days served.  The entry of sentence dated January 29, 2016 also provides that Appellant's community control sanction, set forth in the previous entry of sentence dated February 27, 2015, was to remain in effect until February 27, 2017.  This timely appeal followed.

ASSIGNMENT OF ERROR

"I. THE TRIAL COURT ERRED WHEN IT DENIED
APPELLANT'S MOTION TO DISMISS HER
COMPLAINT FOR VIOLATION OF PROBATION."

A. STANDARD OF REVIEW

{¶5} The decision whether to revoke probation is within the trial

court's discretion. *State v. Beeler,* 4th Dist. Ross No. 14CA3454, 2015-

Ohio-668, ¶ 6; *State v. Johnson,* 7th Dist. Mahoning No. 09-MA-94, 2010-

Ohio-2533, ¶ 10; *State v. Ritenour,* 5th Dist. Tuscarawas No. 2006AP-0002,

2006-Ohio-4744, at ¶ 37. Thus, a reviewing court will not reverse a trial

court's decision absent an abuse of discretion. *Johnson, supra; State v.*

*Dinger,* 7th Dist. Carroll No. 04CA814, 2005-Ohio-6942, at ¶ 13. Abuse of

discretion connotes more than an error of law or judgment; it implies that the

court's attitude is arbitrary, unreasonable, or unconscionable. *Johnson,*

*supra; State v. Maurer,* 15 Ohio St.3d 239, 253, 473 N.E.2d 768 (1984).

{¶6} Ordinarily, we would utilize the above standards in considering

an appeal of a trial court's ruling on a community control revocation.

However, Appellant's sole assignment of error raises a jurisdictional

question. Whether a court has jurisdiction is a question of law which is

reviewed de novo. *Cleveland v. Kutash,* 8th Dist. Cuyahoga No. 99509,

2013-Ohio-5124, ¶ 8; *Cincinnati v. Beretta U.S.A. Corp.,* 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136, ¶ 4-5.

## B. LEGAL ANALYSIS

{¶7} "* * * Jurisdiction * * * is the 'right and power to * * * apply the law' ". *State v. Rode,* 11th Dist. Portage No. 2010-P-0015, 2011-Ohio-2455,¶15, quoting The American Heritage Dictionary, Second College Edition (1982), 694. "Subject-matter jurisdiction" is used when referring to a court's authority to act. *Cleveland v. Persaud,* 6 N.E.3d 701, (Feb. 10, 2014), ¶ 16. "Subject-matter jurisdiction" of a court connotes the power to hear and decide a case upon its merits, and defines the competency of a court to render a valid judgment in a particular action. *Id.* A judgment rendered by a court lacking subject-matter jurisdiction is void. *Kutash, supra; Patton v. Diemer*, 35 Ohio St.3d 68, 518 N.E.2d 941 (1988), paragraph three of the syllabus.

{¶8} The judicial power of the state is vested in 'such other courts inferior to the supreme court as may from time to time be established by law.' Section 1, Article IV, Ohio Constitution. *Rode, supra,* at ¶ 16. The constitution gives the General Assembly the power to provide for municipal courts and their jurisdiction. *Rode, supra*; *Behrle v. Beam,* 6 Ohio St.3d 41, 42, 451 N.E.2d 237 (1983). Unlike Courts of Common Pleas, which are

created by the Ohio Constitution and have statewide subject-matter jurisdiction, municipal courts are statutorily created, and their subject matter jurisdiction is set by statute. *Kutash, supra,* at ¶ 10. Municipal courts, as they exist today in Ohio, were established in 1951 with the enactment of R.C. Chapter 1901. *Id. Rode, supra.*

{¶9} It has long been the rule in Ohio that the criminal procedure in the state is also regulated entirely by statute. *State v. Boone,* 1995 WL 39293, *2; *Munic. Court v. State, ex rel. Platte,* 126 Ohio St. 102 (1933). Matters involving probation are governed by R.C. Chapter 2951. *Id.* The Supreme Court of Oho has recently discussed the issue of subject-matter jurisdiction within the context of community control violations, in *State ex rel. Hemsley v. Unruh,* 128 Ohio St.3d 307, 2011-Ohio-226, 943 N.E.2d 1014. *See State v. Meyer,* 9th Dist. Summit No. 26999, 18 N.E.3d 805, 2014-Ohio-3705, ¶ 12.

{¶10} Appellant argues, pursuant to R.C. 2951.022, the trial court erred by exercising jurisdiction over her to conduct the revocation hearing. At the time of her alleged violation, she had been sentenced by the Chillicothe Municipal Court to community control and was also subject to the supervision of the Ross County Court of Common Pleas. As a result, pursuant to the statute, Appellant was to be supervised by the court which

had imposed the longest possible sentence of incarceration, i.e., in this matter, the Ross County Court of Common Pleas.

{¶11} Furthermore, Appellant acknowledges that R.C. 2951.022(B)(3) provides that courts in the same county may enter into an agreement to allow for the supervision of concurrent supervision offenders in a way other than provided for by the statute. However, Appellant points out the record herein does not include any agreement that would permit the deviation. As such, Appellant concludes the Chillicothe Municipal Court did not have jurisdiction to revoke her probation.

{¶12} R.C. 2951.022(A), supervision of concurrent supervision offender, provides:

> "(1) '[C]oncurrent supervision offender' means any offender who has been sentenced to community control for one or more misdemeanor violations or has been placed under a community control sanction pursuant to section 2929.16, 2929.17, 2929.18, or 2929.20 of the Revised Code and who is simultaneously subject to supervision by any of the following:
>
> * * *
>
> (c) One or more courts of common pleas in this state and one or more municipal courts or county courts in this state."

{¶13} The statute further provides:

> "(B)(1) Except as otherwise provided in divisions (B)(2), (3), and (4) of this section, a concurrent supervision offender shall be supervised by the court of conviction that imposed the

longest possible sentence of incarceration and shall not be supervised by any other court.

* * *

3) Separate courts within the same county may enter into an agreement or adopt local rules of procedure specifying, generally, that concurrent supervision offenders will be supervised in a manner other than that provided for in divisions (B)(1) and (2) of this section. The judges of the various courts of this state having authority to supervise a concurrent supervision offender may by local rule authorize the chief probation officer of that court to manage concurrent supervision offenders under such terms and guidelines as are consistent with division (C) of this section."

{¶14} The State of Ohio, while agreeing that R.C. 2951.022 controls the case in this matter, argues that an agreement governing concurrent supervision offenders between the Ross County Common Pleas Court and the Chillicothe Municipal Court was in effect at the relevant time. The State has attached a copy of the agreement as Exhibit A to its brief. The agreement states in pertinent part at paragraph 4:

"[I]t is agreed between the Ross County Common Pleas Court and the Chillicothe Municipal Court that offenders under concurrent supervision in our courts will be supervised other than provided for in R.C. 2951.022(B)(1) and (2). Specifically, either court that imposes a community control sanction will continue to supervise the offender and will enforce its own orders for as long as the offender is under supervision by that court."

The State concludes because the agreement was in place, the trial court did have subject-matter jurisdiction over Appellant.[1][2]

{¶15} However, our resolution of Appellant's appeal does not necessitate analysis of the jurisdictional question. The docketing statement filed in the appellate record indicates no stay of sentence was granted by the trial court and no stay was requested from the court of appeals. The pleading docket accompanying the appellate record does not show any request for stay was filed in the trial court.[3] It appears that Appellant has long since served her 30-day jail sentence imposed on January 29, 2016. As such, there is no relief which this court can now provide to her. Her sole assignment of error is rendered moot.

> "In *State v. Wilson*, 41 Ohio St.2d 236, 325 N.E.2d 236 (1975),
> the Ohio Supreme Court held that '[w]here a defendant,
> convicted of a criminal offense, has voluntarily paid the fine or
> completed the sentence for that offense, an appeal is moot when
> no evidence is offered from which an inference can be drawn
> that the defendant will suffer some collateral disability or loss
> of civil rights from such judgment or conviction.' *Bartkwiok v.
> Bartkwiok,* 4th Dist. Vinton No. 04CA596, 2005-Ohio-5017,

---

[1] Exhibit A was not made part of the record on appeal. Pursuant to App.R. 9(B), the record on appeal "consists of (1) the original papers and exhibits to the same, filed in the case, (2) the transcript of proceedings, if any, and (3) a certified copy of the docket and journal entries prepared by the clerk of the trial court." Further, the record can be supplemented only to add matters that were actually before the trial court and therefore constitute part of the proceedings. *Holmes v. Kreps,* 32 Ohio St.2d 134, 290 N.E.2d 573 (1972).

[2] We also note that the trial judge in this matter referenced the agreement between the courts, presumably State's Exhibit A, when it overruled Appellant's motion to dismiss.

[3] An event that causes a case to become moot may be proved by extrinsic evidence. *State v. Popov,* 4th Dist. Lawrence No. 10CA26, 2011-Ohio-372, at ¶ 4. *See Miner v. Witt,* 82 Ohio St. 237, 239, 92 N.E. 21 (1910) (per curiam); *see also Pewitt v. Lorain Correctional Inst.,* 64 Ohio St.3d 470, 472, 1992-Ohio-91, 597 N.E.2d 92 (per curiam); *State v. McCall*, 7th Dist. Mahoning No. 03 MA 82, 2004-Ohio-4026, at ¶ 7.

¶ 4. 'The burden of proof is on the defendant to establish at least an inference that he will suffer some collateral disability or loss of civil rights.' " *Bartkowiak, supra,* quoting *State v. Berndt*, 29 Ohio St.3d 3, 504 N.E.2d 712 (1987).

{¶16} In *Bartkowiak*, we applied the mootness doctrine within the context of a civil contempt proceeding. Bartkowiak argued that the collateral disability he would suffer was an increased penalty if the court found him in contempt of court again in a subsequent proceeding. We quoted *Berndt, supra,* further, wherein the Ohio Supreme Court held that:

> "[I]ncreased future penalties are not a collateral disability to a misdemeanor conviction because no such disability will exist if the individual stays within the confines of the law. *Cf. State v. Golston* , 71 Ohio St.3d 224, 643 N.E.2d 109 (1994) (due to substantial adverse consequences of a felony conviction, appeal of felony sentence is not moot even if entire sentence has been served). Here, if Mr. Bartkowiak complies with the court's orders, he will not be subject to a future contempt finding."

{¶17} In *State v. Bell,* 2nd Dist. Montgomery No. 24665, 2011-Ohio-6799, the appellate court pointed out that an appeal from a revocation of community control sanctions and the subsequent imposition of an eight-month prison sentence was moot, since the appellant in that case was not appealing from the *original* conviction, and the appellate court could not relieve Bell from the eight-month sentence that he had already completely served. (*Id.* at ¶ 5) (Emphasis added.)

{¶18} In *State v. Tidd,* 2nd Dist. Montgomery No. 24922, 2012-Ohio-4982, the appellate court considered whether there was a potential collateral disability because if the defendant in that case were subsequently convicted of a criminal offense, the sentencing court might be influenced by the fact that the defendant had previously violated the terms of community control sanctions. *Id., ¶* 16.  However, the appellate court rejected that proposition, stating:

> "We are not persuaded that the sentencing calculus employed by a court in the future, in the event that an appellant should, in the future, commit a criminal offense and be convicted and sentenced, represents a collateral disability."

{¶19} And in *State v. Gearhart,* 2nd Dist. Montgomery No. 22735, 2009-Ohio-1946, the appellate court applied the rule of mootness announced in *State v. Wilson, supra*, and in *State v. Berndt, supra,* observing:

> "[The rule of mootness] was relaxed for appeals from felony convictions, because: 'The collateral legal consequences associated with a felony conviction are severe and obvious.' *State v. Golston, supra,* at 71 Ohio St.3d  227. 'But the rule of mootness remains good law, as far as we know, in appeals from misdemeanor convictions, like the appeal before us.' " *Gearhart, supra,* at ¶ 12.

{¶20} Here, the Appellant is not appealing her original conviction.  She has already served her 30-day jail sentence for violation of community control.  While her sanction of community control remains in effect until

February 2017, that is part of her original sentence which is not the subject of this appeal.  And, the Appellant has not demonstrated any inference of collateral disability. Having served her jail sentence, there is no relief which can be granted her.  Therefore, we find Appellant's argument regarding any improper exercise of jurisdiction moot and we decline to consider it. Accordingly, we dismiss Appellant's sole assignment of error.

**APPEAL DISMISSED.**

# **JUDGMENT ENTRY**

It is ordered that the APPEAL BE DISMISSED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Chillicothe Municipal Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Hoover, J.:  Concur in Judgment and Opinion.

For the Court,


BY:  _____
Matthew W. McFarland, Judge

## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**