[Cite as *State v. Bell*, 2011-Ohio-6799.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

STATE OF OHIO                          :
                                       :     Appellate Case No. 24665
    Plaintiff-Appellee         :
                                       :     Trial Court Case No. 08-CR-823/1
v.                                     :
                                       :
PHILLIP BELL                           :     (Criminal Appeal from
                                       :      Common Pleas Court)
    Defendant-Appellant        :
                                       :

. . . . . . . . . . .

## O P I N I O N

Rendered on the 30th day of December, 2011.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by CARLEY J. INGRAM, Atty. Reg. #0020084, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

CHRISTOPHER B. EPLEY, Atty. Reg. #0070981, Christopher B. Epley Co., L.P.A., 124 East Third Street, Suite 300, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} Defendant Phillip Bell was convicted of possession of heroin in an amount greater than one gram, but less than five grams, in violation of R.C. 2925.11(A), a fourth-degree felony. The defendant was originally placed on community control, and the

reserved sentence that would be imposed if he violated community control was fifteen months in prison. The defendant did not appeal his conviction or sentence.

{¶ 2}    A Notice of Community Control Sanction Revocation Hearing and Order was filed on March 17, 2011, alleging that the defendant had violated community-control conditions. A revocation hearing was conducted on May 20, 2011. The thrust of the hearing was that the defendant left a residential treatment program at the local Veteran's Administration and failed to report to his probation officer. At the conclusion of the hearing, the trial court found that the defendant had violated community control and, after allocution, sentenced him to a reduced prison term of eight months. The defendant filed a Notice of Appeal on June 1, 2011.

{¶ 3}    Appointed appellate counsel filed a motion to withdraw pursuant to *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, asserting the absence of any non-frivolous issue for our review. Counsel's motion included an *Anders* brief that raises two potential issues: the trial court abused its discretion in revoking the defendant's community control, and the trial court abused its discretion when it sentenced the defendant to prison for eight months. This Court notified Bell of appellate counsel's conclusion and gave Bell a period of time in which to file a pro-se brief assigning errors for our review. Bell did not file a brief.

{¶ 4}    As a preliminary matter, it appears that the defendant has now completed his eight-month prison sentence. We find no indication in the record that the sentence was stayed. Moreover, he was in custody at the time of the revocation hearing and sentencing. The May 26, 2011 termination entry states that the defendant's "jail time credit is indicated in the entry

and warrant to transport filed in this case." The docket sheet in the record shows that a Warrant to Convey was filed on June 1, 2011, the same date that the Notice of Appeal was filed, but the warrant itself is not in the record. Nonetheless, we cannot ignore the fact that the Entry and Warrant to Transport shows that the defendant's jail-time credit before the May 20, 2011 sentencing was 75 days. Based on our calculations, the defendant completed his prison sentence during the first week of November 2011. This is supported by the fact, of which we take judicial notice, that the defendant's name does not appear in the Ohio Department of Rehabilitation and Correction's (ODRC) website database of incarcerated offenders. We note that the defendant completed his sentence before the time period expired in which he could have filed a pro-se brief and before this case was considered submitted for our review.

{¶ 5}   The two potential issues raised by appellate counsel challenge, in essence, only the prison sentence imposed by the trial court, not the underlying possession conviction. Indeed, the time to appeal the conviction expired long ago. If we were to determine that the trial court abused its discretion by either (1) revoking community control or (2) sentencing the defendant to eight months in prison, the remedy would be to remand the matter for a new violation hearing or resentencing. But the defendant has now served his sentence.   "This court cannot grant relief to an appellant who has served his sentence if the underlying conviction is not at issue." *State v. Johnson,* Lake App. No.2005-L-208, 2007-Ohio-780, ¶7; see, also, *State v. Money*, Clark App. No. 2009 CA 119, 2010-Ohio-6225, ¶25; *State v. Silvers*, Clark App. No.2009 CA 19, 2010-Ohio-567, ¶4 (taking judicial notice of the fact that the defendant's name did not appear on the ODRC's website and overruling defendant's challenge to his sentence as moot). Because the potential issues raised by appellate counsel are undoubtedly

moot, they lack arguable merit.

**{¶ 6}** In addition, pursuant to our responsibilities under *Anders*, we have independently, and carefully, reviewed the entire record in this case. We agree with the assessment of appointed appellate counsel that there are no issues for our review that have arguable merit.

**{¶ 7}** Counsel's request to withdraw from further representation is granted, and the judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

DONOVAN and FROELICH, JJ., concur.


Copies mailed to:

Mathias H. Heck
Carley J. Ingram
Christopher B. Epley
Phillip Bell
Hon. Mary K. Huffman