[Cite as *State v. Ealy*, 2014-Ohio-1535.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                :

    Plaintiff-Appellee                    :        C.A. CASE NO.   25736

v.                                               :        T.C. NO.   12CRB5016

LARRY EALY, SR.                          :      (Criminal appeal from
                                           Municipal Court)
    Defendant-Appellant              :

                                                 :

. . . . . . . . . .

**O P I N I O N**

Rendered on the     11th     day of     April    , 2014.

. . . . . . . . . .

GARRETT P. BAKER, Atty. Reg. No. 0084416, Assistant City Prosecutor, 335 W. Third Street, Room 372, Dayton, Ohio 45402
        Attorney for Plaintiff-Appellee

CYNTHIA L. WESTWOOD, Atty. Reg. No. 0079435, 2160 Kettering Tower, Dayton, Ohio 45423
        Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, P.J.

{¶ 1} Larry Ealy, Sr. appeals from a judgment of the Dayton Municipal Court, which revoked his community control and ordered him to serve 83 days in jail. For

the following reasons, this appeal will be dismissed as moot.

**{¶ 2}** On June 28, 2012, Ealy was convicted on his guilty plea to an amended charge of obstructing official business, a second-degree misdemeanor. The trial court sentenced him to 90 days in jail, with 58 days suspended and credit for two days served. In lieu of serving the remaining 30-day jail sentence, the trial court ordered 30 days of electronic home detention. Ealy was provided two weeks to attend to some personal matters, and he was required to report to the jail at 9:00 a.m. on July 11, 2012 to receive the monitoring device. Ealy was fined $200, which he could satisfy by performing 10 hours of community service, and he was required to pay court costs.

**{¶ 3}** On July 12, 2012, the State moved for revocation of Ealy's community control due to Ealy's failure to report to the jail at 9:00 a.m. on July 11, 2012, as ordered. The State attached a memorandum to the prosecutor from Rick Iddings, Electronic Home Detention Coordinator, indicating that Ealy had called at 10:00 a.m. and 4:00 p.m. on July 11 and ultimately indicated that he would report the morning of July 12 to get hooked up to the monitor. As of 8:44 a.m. on July 12, Ealy had not reported. The trial court scheduled a hearing for July 26, 2012.

**{¶ 4}** Ealy failed to appear for the July 26, 2012 hearing (although his counsel was present). The court issued a warrant for his arrest, and he was ultimately arrested on April 1, 2013.

**{¶ 5}** A revocation hearing was held on April 5, 2013, during which Iddings and Ealy testified. Iddings stated that Ealy had called on the morning of July 11 and indicated that he (Ealy) was returning from vacation in Mississippi; Ealy had asked what time the court would close. Ealy called back at 4:00 p.m. that day and left a message that he would

come by the next morning. Ealy did not report or contact Iddings between July 11 and July 26, 2012, and Ealy never informed Iddings of his intent to attend a funeral. Ealy has never reported to be hooked up to an electronic monitor.

{¶ 6} Ealy testified that he went to Mississippi because his sister was terminally ill with cancer. Ealy returned on July 11, but turned back around when he was informed that his sister's heath was "turning for the worse." Ealy and his family returned to Mississippi, where Ealy's sister died on July 23, 2012. He stayed for the funeral on July 27, 2012. Ealy stated that he talked to Mr. Egnar in the probation department about the funeral and that Egnar told him to file a motion with the court. Ealy further testified that, upon returning home from Mississippi via Maryland, he was arrested and served 70 days in jail in Maryland; Ealy did not return to the Dayton area until Thanksgiving 2012.

{¶ 7} The trial court found that Ealy had violated the terms and conditions of his community control by failing to report "on July 11, 2012 or any days since then" for his electronic home detention. The trial court revoked Ealy's community control and reimposed the 88-day jail term, consisting of the 58 suspended days and the 30 days that was originally going to be served with electronic home detention. Ealy received an additional five days of jail time credit and was ordered to served 83 days in jail. The court denied a subsequent motion to stay Ealy's sentence.

{¶ 8} Ealy appeals from the revocation of his community control. He raises two assignments of error:

1. The Trial Court erred when it sentenced Appellant to jail after revoking Appellant[']s community control without fully complying with the

requirements set forth in R.C. 2929.25(A)(3) during sentencing.

2. The Trial Court erred when it failed to comply with the minimum Due Process requirements prior to revoking Appellant's community control and sentencing him to jail.

{¶ 9} In his first assignment of error, Ealy claims that the trial court failed to notify him at sentencing of the potential consequences of violating his community control. Ealy asserts that the trial court thus lacked the authority to impose a jail sentence upon revoking his community control. His second assignment of error asserts that he was unable to properly defend against the allegations that he violated his community control and that he was not able to present evidence on his behalf.

{¶ 10} The State represents that Ealy began serving the 83-day jail sentence on April 5, 2013 (the day of the revocation hearing) and was released from jail on June 26, 2013. To substantiate this representation, the State moved to supplement the record with certified copies of the trial court's April 5, 2013 commitment order and of a screen shot of the Montgomery County Sheriff's Office's computerized jail records for Ealy regarding this case. Without objection, we have made these documents a part of the record.

{¶ 11} Ealy asked the trial court and this court to stay the execution of his jail sentence, without success. He does not dispute the fact that he has served the 83-day jail sentence. Because Ealy has already completely served his jail sentence, we have no ability to provide him any meaningful remedy on appeal, even if we were to find one or more of his assignments of error to be meritorious. We cannot restore to him any of the time he spent in jail on this conviction. Accordingly, this appeal is moot, and must be dismissed. *See, e.g.*,

*State v. Bogan*, 2d Dist. Champaign No. 2012-CA-34, 2013-Ohio-1920; *State v. Tidd*, 2d Dist. Montgomery No. 24922, 2012-Ohio-4982.

**{¶ 12}** This appeal is dismissed as moot.

. . . . . . . . . .

FAIN, J. and WELBAUM, J., concur.

Copies mailed to:

Garrett P. Baker
Cynthia L. Westwood
Hon. Carl Sims Henderson
Hon. Catherine M. Barber