[Cite as *State v. Grant*, 2016-Ohio-7857.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-150608 |
| | | C-150609 |
| Plaintiff-Appellee, | : | TRIAL NOS. C-13TRD-30279B |
| | | C-13TRD-30279D |
| vs. | : | |
| ADAM GRANT, | : | *O P I N I O N.* |
| Defendant-Appellant. | : | |

Criminal Appeals From: Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  November 23, 2016

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Sean M. Donovan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *David Hoffmann*, Assistant Public Defender, for Defendant-Appellant.

**STAUTBERG, Judge.**

{¶1}    Defendant-appellant Adam Grant appeals the Hamilton County Municipal Court's revocation of his community control for nonpayment of restitution, fines, and court costs.  In two assignments of error, Grant asserts (1) that the trial court erred in revoking his community control and imposing a six-month jail sentence, and (2) that the trial court lacked jurisdiction to revoke his community control.  For the reasons below, we affirm the judgment of the trial court.

## Background

{¶2}    Grant was charged with a marked lanes violation and failing to stop after an accident.  In September 2013, he pleaded no contest to both charges.  The Hamilton County Municipal Court found Grant guilty, sentenced him to 180 days, which were suspended, and placed him on two years' community control.  The trial court also imposed fines, restitution, and a two-year driver's license suspension.

{¶3}    On January 14, 2014, the trial court found Grant guilty of violating his community control for committing another driving offense and for failing to pay his financial obligations.  At that time, Grant was awaiting sentencing on a fifth-degree felony in the Hamilton County Court of Common Pleas.  Defense counsel therefore requested that the trial court continue Grant's community control revocation hearing until after his felony sentencing on January 28, 2014.  The trial court granted Grant's request and continued the case until January 30, 2014.

{¶4}    At that January 30 hearing, defense counsel informed the trial court that the court of common pleas had sentenced Grant to three years' community control and to treatment at River City Correctional Center.  Following the hearing,

2

the trial court found that Grant had violated his community control, but continued him on community control.

{¶5}   In August 2015, the Hamilton County Probation Department, Municipal Court Division, filed another violation against Grant for nonpayment of his court-ordered financial obligations.  Grant pleaded no contest to the violation.  At his revocation hearing on October 2, 2015, defense counsel informed the trial court that Grant was on probation for a felony conviction, had been in treatment, and had lost his job and was unable to pay.  The trial court found Grant guilty of the violation, terminated his community control, imposed a six-month jail sentence, and remitted the court costs.

{¶6}   Grant filed a motion to stay his sentence, but the motion was denied. Grant timely appealed and now asserts two assignments of error, which we will address out of order.

## A. Jurisdiction Pursuant to R.C. 2951.022

{¶7}    In his second assignment of error, Grant contends that the trial court "patently lacked jurisdiction" to decide his community control violation.   Grant argues that under R.C. 2951.022, only the Hamilton County Court of Common Pleas—and not the Hamilton County Municipal Court—could supervise Grant's community control, and therefore, had jurisdiction to hear and decide his community control violation.

{¶8}   R.C. 2951.022 sets forth a framework for determining which court should supervise an offender who has been placed on community control by more than one court.  A "concurrent supervision offender" is "any offender who has been sentenced to community control for one or more misdemeanor violations or has been placed under a community control sanction * * * and who is simultaneously subject

3

to supervision by * * * one or more courts of common pleas * * * and one or more municipal courts * * *." R.C. 2951.022(A)(1). Grant argues that "a concurrent supervision offender shall be supervised by the court of conviction that imposed the longest possible sentence of incarceration and shall not be supervised by any other court." R.C. 2951.022(B)(1).

{¶9} Both Grant and the state cite *State v. Beeler*, 4th Dist. Ross No. 14CA3454, 2015-Ohio-668, in support of their respective positions. *Beeler* addressed the question of which of two municipal courts in different counties had jurisdiction to conduct a concurrent offender's community control violation hearing. That court found that R.C. 2951.022 did not squarely address the allocation of responsibility for supervision in such circumstances, and that the statute did not otherwise divest either municipal court of jurisdiction for determining community control violations.

{¶10} The facts and circumstances of Grant's concurrent supervision are different than those in *Beeler.* Jurisdiction refers to the court's statutory or constitutional authority to hear a case, and encompasses jurisdiction over the subject matter and over the person. *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 11. Subject matter jurisdiction goes to the power of the court to adjudicate the merits of a case, and therefore, it cannot be waived and may be challenged at any time. *Id.* Jurisdiction may also refer to the court's exercise of its jurisdiction over a particular case, which refers to the court's authority to determine a specific case within that class of cases that is within its subject matter jurisdiction. *Id.* at ¶ 12. "If a court acts without [subject matter] jurisdiction, then any proclamation by that court is void." *Id.* at ¶ 11. But if the trial court lacks jurisdiction over a particular case, then the judgment is voidable. *Id.* at ¶ 12. "A voidable

sentence is one that a court has jurisdiction to impose, but was imposed irregularly or erroneously." *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 27.

{¶11}    Municipal courts are statutorily created and their subject matter jurisdiction is set by statute, which includes the jurisdiction to revoke an offender's community control upon a violation pursuant to R.C. 2929.25.   R.C. 1901.01; *see State v. Lovelace,* 2012-Ohio-3797, 975 N.E.2d 567, ¶ 23 (1st Dist.); *City of Cleveland v. Kutash*, 8th Dist. Cuyahoga No. 99509, 2013-Ohio-5124, ¶ 10. Therefore, the trial court in this case had subject matter jurisdiction over Grant, and we must determine whether the trial court had jurisdiction over this particular case. We review jurisdictional questions de novo.   *See Dikong v. Ohio Supports, Inc.*, 2013-Ohio-33, 985 N.E.2d 949, ¶ 9 (1st Dist.).   To reverse a voidable judgment, we must find error prejudicial to Grant.   App.R. 12(D); *see Deutsche Bank Natl. Trust Co. v. Smith*, 1st Dist. Hamilton No. C-140514, 2015-Ohio-2961, ¶ 20.

{¶12}    Grant argues that the trial court lost jurisdiction over his case when he was convicted of a felony and placed on community control by the common pleas court, because the trial court was no longer "the court of conviction that imposed the longest possible sentence of incarceration."   *See* R.C. 2951.022(B)(1).   The state argues that because of the limited record before this court, Grant cannot demonstrate that he was a concurrent supervision offender or that the trial lacked jurisdiction.

{¶13}    The record before us shows that Grant was a concurrent supervision offender under R.C. 2951.022(A)(1)(c), as he was on community control at the same time to both the municipal court and the court of common pleas.  But on the state of

this record, we are unable to determine which "court of conviction * * * imposed the longest possible sentence of incarceration." *See* R.C. 2951.022(B)(1).

{¶14}    The record in this case has no information regarding the possible sentence of incarceration for Grant's felony conviction.  The facts demonstrate that the trial court sentenced Grant on his misdemeanor convictions to 180 days' incarceration, suspended those days, and ordered him to serve two years' community control.  The record also shows that Grant was convicted of a fifth-degree felony by the court of common pleas, which may carry a sentence of 6, 7, 8, 9, 10, 11, or 12 months' incarceration.  R.C. 2929.14(A)(5).  Although we are aware of the possible sentence permitted by statute, the record before us does not affirmatively set forth Grant's longest possible sentence of incarceration for his felony conviction.

{¶15}    While it is likely that the court of common pleas imposed a longer possible sentence of incarceration, we cannot tell from the record before us.  The sentencing entry from the common pleas case would demonstrate whether the trial court had jurisdiction in this case, but that was not made a part of the record.  *See State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, paragraph two of the syllabus (holding that a trial court sentencing an offender to community control must notify the offender of the specific prison term that may be imposed for a violation at the time of sentencing); R.C. 2929.15(B).

{¶16}    Because Grant has not demonstrated error by reference to matters in the record, we must presume the regularity of the proceedings.  *See State v. Gonzales*, 151 Ohio App.3d 160, 2002-Ohio-4937, 783 N.E.2d 903, ¶ 21 (1st Dist.).  Therefore, in the absence of a showing of which court imposed the longest possible sentence of incarceration, we cannot say the trial court did not have jurisdiction over this case.  We overrule Grant's second assignment of error.

## B. Community Control Revocation

{¶17}    In Grant's first assignment of error, he argues that the trial court erred in revoking his community control and imposing a six-month jail sentence.   In support, he argues that the trial court erred when it revoked his community control for nonpayment of his financial obligations without first determining whether his failure to pay was willful and not the result of indigence.

{¶18}    Grant is correct that in order for a court to revoke a defendant's community control for nonpayment of financial obligations, such as court costs, fees, and restitution, and sentence the defendant to a term of imprisonment, the defendant's "failure must have been willful and not the result of indigence."   *See State v. Dockery*, 187 Ohio App.3d 798, 2010-Ohio-2365, 933 N.E.2d 155, ¶ 14 (1st Dist.), quoting *State v. Douthard*, 1st Dist. Hamilton Nos. C-000354 and C-000355, 2001 Ohio App. LEXIS 2895 (June 29, 2001); *see also State v. Rudin*, 1st Dist. Hamilton No. C-110747, 2012-Ohio-2643, ¶ 9.  The trial court must inquire into the reason for the defendant's failure to pay a financial obligation, as well as make those findings on the record.  *Rudin* at ¶ 9, citing *Bearden v. Georgia*, 461 U.S. 660, 672, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983).

{¶19}    However, before we address the merits of this assignment of error, we must determine whether the issue is moot.

{¶20}    When the issues in a case are no longer "live" or the parties lack a cognizable interest in the outcome, the case is moot.  *State ex rel. Gaylor, Inc. v. Goodenow,* 125 Ohio St.3d 407, 2010-Ohio-1844, 928 N.E.2d 728, ¶ 10, citing *Los Angeles Cty. v. Davis*, 440 U.S. 625, 631, 99 S.Ct. 1379, 59 L.Ed.2d 642 (1979).  "The concept of mootness on appeal is that there is no meaningful remedy that the appellate court can provide in the event of a reversal."  *State v. Carr*, 1st Dist.

Hamilton No. C-140172, 2015-Ohio-2529, ¶ 9, citing *State v. Portis*, 2d Dist. Clark No. 2010-CA-95, 2011-Ohio-2429, ¶ 18. Once a defendant has served the sentence of incarceration that is challenged on appeal, there is no way that this court can give him back the time served. *Id.* "We have no duty to decide an assignment of error that is moot in the sense that the court cannot provide the appellant with any meaningful relief." *Carr* at ¶ 9, citing *Miner v. Witt*, 82 Ohio St. 237, 92 N.E. 21 (1910).

{¶21} We are mindful of the body of case law that holds that an appeal is not moot when the sentence has been completely served "if the circumstances surrounding it demonstrate that the appellant neither acquiesced in the judgment nor abandoned the right to appellate review, that the appellant has a substantial stake in the judgment of conviction, and that there is subject matter for the appellate court to decide." *City of Cleveland Hts. v. Lewis*, 129 Ohio St.3d 389, 2011-Ohio-2673, 953 N.E.2d 278, paragraph one of the syllabus. We note that Grant had moved for a stay, but it was denied, so Grant did not abandon his right to appellate review. Nevertheless, even if we were to conclude that the trial court erred in revoking Grant's community control and sentencing him to a term of incarceration without inquiring into the reasons for his nonpayment of his financial obligations, we cannot provide him with any meaningful relief in the form of an order affecting the imposition of the term of incarceration. *See Carr* at ¶ 10; *see, e.g., State v. Ealy*, 2d Dist. Montgomery No. 25736, 2014-Ohio-1535, ¶ 11. In his appeal, Grant is not challenging his original conviction, the order of restitution, or the imposition of fines. Grant is also not challenging the trial court's determination of a violation of his community control. Rather, Grant is only challenging the revocation of his community control and six-month jail sentence on the ground the trial court did not

find that his nonpayment of his financial obligations was willful. Grant is challenging his period of incarceration, and we cannot restore to him any of that time served. *See State v. Tidd,* 2d Dist. Montgomery No. 24922, 2012-Ohio-4982, ¶ 12; *Ealy* at ¶ 11.

{¶22} Therefore, his first assignment of error is moot.

## Conclusion

{¶23} We overrule Grant's second assignment of error because he is unable to demonstrate error under R.C. 2951.022, when the sentencing entry from the court of common pleas was not a part of the record before us. Grant's first assignment of error is moot because he has already served his sentence of incarceration for the community control violation, and there is no meaningful remedy that we can provide. We therefore affirm the judgment of the trial court.

Judgment affirmed.

**MOCK, J.,** concurs.

**CUNNINGHAM, P.J.,** concurs in judgment only.

Please note:

This court has recorded its own entry this date.