[Cite as *State v. Moughler*, 2018-Ohio-1055.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2017-CA-11 |
| | : | |
| v. | : | Trial Court Case No. 2016-CR-231 |
| | : | |
| NICHOLAS C. MOUGHLER | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 23rd day of March, 2018.

. . . . . . . . . .

JANE A. NAPIER, Atty. Reg. No. 0061426, Champaign County Prosecutor's Office, Appellate Division, 200 N. Main Street, Urbana, Ohio 43078
     Attorney for Plaintiff-Appellee

BENJAMIN W. ELLIS, Atty. Reg. No. 0092449, 805-H Patterson Road, Dayton, Ohio 45419
     Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FROELICH, J.

{¶ 1} Nicholas C. Moughler appeals from a judgment of the Champaign County Court of Common Pleas, which found that he violated the terms of his community control, revoked his community control sanctions, and ordered him to serve an aggregate term of 210 days in jail. Moughler did not seek a stay of his jail sentences, and those sentences have been served. Accordingly, this appeal will be dismissed as moot.

{¶ 2} In February 2017, Moughler pled guilty to endangering children, a misdemeanor of the first degree, and sexual imposition, a misdemeanor of the third degree. In exchange for the plea, the State agreed to dismiss two counts of gross sexual imposition, both felonies of the third degree. The State also agreed to recommend non-residential community control with alcohol and drug counseling, provided that Moughler had no criminal history other than what had already been disclosed.

{¶ 3} On March 14, 2017, the trial court sentenced Moughler to three years of community control and designated him a Tier I sex offender. The court notified Moughler that if he violated the terms of his community control, the court would impose 150 days in jail for endangering children and 60 days in jail for sexual imposition. The court orally told Moughler that the "sentences are concurrent to one another for a total sentence of 150 days," but that statement was not included in the judgment entry. The court ordered Moughler to pay a $150 fine and court costs.

{¶ 4} Approximately two weeks later, on March 30, 2017, Moughler's probation officer filed a notice of supervision violation, stating that Moughler violated the terms of his community control by possessing child pornography and LSD. Moughler admitted that there was probable cause to believe that the violations had occurred, and after a

hearing on the merits, the trial court found that Moughler had violated the terms of his community control. The trial court revoked Moughler's community control sanctions and imposed the previously-stated 150-day and 60-day jail sentences, to be served consecutively.

{¶ 5} Moughler appeals from the trial court's judgment, raising two assignments of error. First, Moughler claims that the trial court "abused its discretion in reconsidering its own final judgment and imposing a new consecutive sentence." Second, Moughler claims that his trial counsel rendered ineffective assistance at the revocation hearing by failing to introduce exculpatory evidence.

{¶ 6} Moughler did not seek a stay of his sentence, either in the trial court or in this court. Thus, before we address the merits of his assignments of error, we must consider whether his appeal from the revocation of his community control is moot.

{¶ 7} An appeal from the revocation of community control is moot where the defendant has served the jail or prison sentence imposed, and there is no indication that the defendant is on post-release control or is subject to collateral liability. *E.g.*, *State v. Bailey*, 2d Dist. Montgomery No. 26882, 2016-Ohio-5158, ¶ 12; *State v. Ealy*, 2d Dist. Montgomery No. 25736, 2014-Ohio-1535.

{¶ 8} The revocation/sentencing hearing was held on April 27, 2017, at which time Moughler was sentenced to 210 days in the Tri-County Jail. The trial court's judgment entry, filed on April 28, 2017, noted that Moughler was entitled to 24 days of jail time credit for March 28, 2017 to April 27, 2017, leaving 186 days (approximately six months) remaining on his sentence. The entry further stated that Moughler "shall remain in the Tri County Regional Jail," indicating that Moughler immediately began serving the

remaining portion of his 210-day sentence. The record thus reflects that Moughler should have completely served his sentence by the end of October 2017, and a review of the Tri-County Regional Jail website reflects that Moughler completed his sentence in this case on October 30, 2017.

{¶ 9} Moughler's appeal is directed to the revocation of his community control, and not to his underlying conviction. Because Moughler has finished serving the jail sentences that resulted from the revocation of his community control, we cannot provide any meaningful remedy, even if we were to find that one or both of his assignments of error has merit. Accordingly, Moughler's appeal will be dismissed as moot.

. . . . . . . . . . . . .

DONOVAN, J. and TUCKER, J., concur.

Copies mailed to:

Jane A. Napier
Benjamin W. Ellis
Hon. Timothy Campbell (Ret.) c/o Hon. Nick Selvaggio