[Cite as *State v. Battigaglia*, 2021-Ohio-2758.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J.<br>Hon. John W. Wise, J.<br>Hon. Earle E. Wise, Jr., J. |
| Plaintiff-Appellee | |
| -vs- | Case Nos. 2020CA00157 and 2020CA00158 |
| ROMERO A. BATTIGAGLIA | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Canton Municipal Court, Case Nos. 209CRB04467 and 2009TRC07560

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     August 10, 2021

APPEARANCES:

For Plaintiff-Appellee

KRISTEN BATES AYLWARD
CANTON LAW DIRECTOR
JASON P. REESE
CANTON CITY PROSECUTOR
SETH A. MARCUM
ASSISTANT CITY PROSECUTOR
218 Cleveland Avenue, SW
Canton, Ohio 44702

For Defendant-Appellant

ROMERO BATTIGAGLIA
PRO SE
LONDON CORR. INSTITUTION
1580 State Route 56 SW
London, Ohio 43140

*Wise, John, J.*

{¶1}    Appellant, Romero A. Battigaglia, appeals the decision of the Canton Municipal Court, which denied Appellant's Motion to Vacate Costs and Fines. The Appellee is the State of Ohio. The following facts give rise to this appeal.

### FACTS AND PROCEDURAL HISTORY

{¶2}    On July 21, 2020, Appellant filed Motions to Vacate Costs and Fines to lift the court's arrest warrant for case numbers 2009 TRC 07560 and 2009 CRB 04667.

{¶3}    On September 8, 2020, the trial court denied Appellant's Motions to Vacate Costs and Fines.

{¶4}    On November 5, 2020, Appellant filed Notices of Appeal for both cases.

{¶5}    On March 22, 2021, the cases were ordered consolidated by the trial court.

{¶6}    On April 30, 2021, the trial court reduced the fines and costs to a civil judgment, and the bench warrant was cancelled.

{¶7}    On May 3, 2021, Appellee filed a Motion to Dismiss with this Court.

### ASSIGNMENTS OF ERROR

{¶8}    In Appellant's November 5, 2020, appeal, Appellant raises the following Assignment of Error:

{¶9}    "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION TO VACATE COST AND FINES WITHOUT FIRST DETERMINING IF THE AMOUNT OWING TO THE COURT IS DUE AND UNCOLLECTABLE, IN WHOLE OR IN PART."

**ANALYSIS.**

{¶10} Appellee raises the issue that this Court does not have jurisdiction to consider Appellant's Assignment of Error because it is moot based on the costs and fines being reduced to a civil judgment and the bench warrant being cancelled. We agree.

{¶11} "Mootness is a jurisdictional question because the Court 'is not empowered to decide moot questions or abstract propositions.' " *State v. Feister*, 5th Dist. Tuscarawas No. 2018 AP 01 0005, 2018-Ohio-2336, ¶28 quoting *United States v. Alaska S.S. Co.*, 253 U.S. 113, 116, 40 S.Ct. 448, 449, 64 L.E. 808 (1920), quoting *California v. San Pablo & Tulare R. Co.*, 149 U.S. 308, 314, 13 S.Ct. 876, 878, 37 L.Ed. 747 (1893); *Accord*, *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971).

{¶12} Ohio courts have long exercised judicial restraint in cases that are not actual controversies. *Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371, 372 (1970). No actual controversy exists where a case has been rendered moot by an outside event. "It is not the duty of the court to answer moot questions, and when, pending proceedings in error in this court, an event occurs without the fault of either party, which renders it impossible for the court to grant any relief, it will dismiss the petition in error." *Miner v. Witt*, 82 Ohio St. 237, 92 N.E. 21 (1910), syllabus; *Tschantz v. Ferguson*, 57 Ohio St.3d 131, 133, 566 N.E.2d 655 (1991).

{¶13}     The trial court reduced all costs and fines to a civil judgment and cancelled Appellant's bench warrant providing Appellant with relief which he sought. Because the relief sought by Appellant has already been obtained, we find this appeal to be moot.

{¶14}     For the foregoing reasons, the instant appeal is hereby dismissed as moot.


By: Wise, John, J.

Gwin, P. J., and

Wise, Earle, J., concur.



JWW/br 0809