[Cite as *State v. Johnson*, 2022-Ohio-1511.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 20CA11 |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | : | <u>DECISION AND JUDGMENT</u> |
| | : | <u>ENTRY</u> |
| JENNIFER L. JOHNSON, | : | |
| | : | **RELEASED: 05/03/2022** |
| Defendant-Appellant. | : | |

<u>APPEARANCES:</u>

Brian T. Goldberg, Schuh & Goldberg, LLP, Cincinnati, Ohio, for Appellant.

Ryan R. Black, Hocking County Prosecuting Attorney, and Melissa R. Bright, Assistant Hocking County Prosecutor, Logan, Ohio, for Appellee.

Wilkin, J.

{¶1} This is an appeal from a Hocking County Court of Common Pleas judgment revoking Appellant, Jennifer L. Johnson's, community-control sanctions. The trial court continued Johnson's community-control sentence but added the confinement condition that she complete the STAR Community Based Correctional Facility ("CBCF") treatment program. In her sole assignment of error, Johnson claims the trial court abused its discretion when it revoked her community control.

{¶2} Johnson's appeal of the revocation decision is moot and we dismiss the appeal. Johnson completed the STAR CBCF treatment program imposed for violating community control and does not claim any collateral disability or loss of civil rights. Further, Johnson's community-control sentence was terminated on

May 12, 2021, and she was not placed on postrelease control or any other supervision.  Therefore, the appeal is dismissed as there is no relief which this court can now provide Johnson who served her sentence.

FACTS AND PROCEDURAL BACKGROUND

{¶3} On November 3, 2015, Johnson pleaded guilty to four offenses: attempted tampering with evidence, a fourth-degree felony; aggravated possession of drugs, a fifth-degree felony; and two counts of possession of drugs, first-degree misdemeanors.  After accepting Johnson's plea and conducting a dispositional hearing, the trial court imposed a five-year community-control sentence.  While Johnson was on community control, the state filed several motions claiming she violated the community-control conditions that led the trial court on November 3, 2016, to resentence Johnson to an aggregate prison term of 23 months.

{¶4} After serving approximately one year of the prison term, Johnson requested judicial release which the trial court granted in November 2017, and placed her on community control for five years.  In September 2019, Johnson was again accused of violating the terms of her community-control conditions.  A probation violation hearing was held in September 2020 that concluded with the trial court finding Johnson violated community control.  The trial court did not reimpose the suspended prison term, but rather continued Johnson on community control and added the requirement that she complete the STAR CBCF treatment program and not possess or consume alcohol or illegal drugs.  It is from this revocation judgment that Johnson appeals.

ASSIGNMENT OF ERROR

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT REVOKED APPELLANT'S COMMUNITY CONTROL SANCTIONS AND SENTENCED HER TO A CBCF.

{¶5} Under this assignment of error, Johnson argues no competent, credible evidence was presented to support her violations and the trial court's revocation order should be reversed. Johnson claims the state improperly relied on hearsay statements from her mother to demonstrate that she moved without notifying her probation officer. In addition, Johnson maintains the state's evidence is inconsistent with its allegation that Johnson failed to report to her probation officer in August 2019, because the probation officer testified that she failed to report to him in September 2019.

{¶6} The state among other arguments, asserts the appeal should be dismissed because Johnson completed the STAR CBCF treatment program and her community-control sentence was terminated. Furthermore, the state notes that Johnson is not alleging any collateral consequences from the trial court's order revoking her community control.

{¶7} We agree with the state and dismiss the appeal because the issue is moot. " 'It is not the duty of the court to answer moot questions, and when, pending proceedings in error in this court, an event occurs, without the fault of either party, which renders it impossible for the court to grant any relief, it will dismiss the petition in error.' " *State ex rel. Gaylor, Inc. v. Goodenow,* 125 Ohio St.3d 407, 2010-Ohio-1844, 928 N.E.2d 728, ¶ 10, quoting *Miner v. Witt*, 82 Ohio St. 237, 92 N.E. 21 (1910), syllabus. "Where a defendant, convicted of a criminal

offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction." *State v. Wilson*, 41 Ohio St.2d 236, 325 N.E.2d 236 (1975), syllabus.

{¶8} The mootness doctrine has been applied to appeals from a trial court's decision to revoke community control. "An appeal from the revocation of community control is moot where the defendant has served the jail or prison sentence imposed, and there is no indication that the defendant is on post-release control or is subject to collateral liability." *State v. Moughler*, 2d Dist. Champaign No. 2017-CA-11, 2018-Ohio-1055, ¶ 7. In *State v. Lowery* we dismissed the appeal because Lowery served her 30-day jail sentence that was imposed after the trial court determined she violated her community control. 4th Dist. Ross No. 16CA3533, 2016-Ohio-7701, ¶ 20. We held that "Appellant has not demonstrated any inference of collateral disability. Having served her jail sentence, there is no relief which can be granted her." *Id.*

{¶9} Similarly here, Johnson completed the STAR CBCF treatment program which was a confinement condition added as the sentence for violating community control. *See State v. Snowder*, 87 Ohio St. 3d 335, 337, 1999-Ohio-135, 720 N.E.2d 909 ("It appears beyond doubt that entry into a CBCF constitutes confinement.") Moreover, Johnson's underlying community-control sentence was terminated by the trial court on May 12, 2021.

**{¶10}** We observe that the trial court retained jurisdiction to terminate

Johnson's community-control sentence after the filing of the notice of appeal

because the termination entry is not inconsistent with the sole issue before us.

> Once a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal. *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas* (1978), 55 Ohio St.2d 94, 97, 9 O.O.3d 88, 378 N.E.2d 162. The trial court retains jurisdiction over issues not inconsistent with the appellate court's jurisdiction to reverse, modify, or affirm the judgment appealed from.

*In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, 829 N.E.2d 1207, ¶ 9.

**{¶11}** This appeal is limited to the trial court's decision finding Johnson

violated the conditions of her community-control sentence and adding the

confinement requirement that she complete the STAR CBCF treatment program.

Johnson is asking for reversal of the trial court's revocation decision and

dismissal of the state's motion to revoke.  The appeal does not involve Johnson's

underlying five-year community-control sentence that was imposed in 2017, thus,

the trial court retained jurisdiction to terminate the community-control sanctions.

*Id.* at ¶ 9.

**{¶12}** Johnson fulfilled the additional requirement and has served the

confinement term at STAR CBCF treatment program.  Thus, the appeal should

be dismissed.  *See Lowery* at ¶ 20 (Appeal dismissed because Lowery served

her 30-day jail sentence for violating community control albeit her underlying

community-control sentence was still in effect for another three months.)

**{¶13}** Additionally, Johnson has not claimed any collateral disability or loss

of civil rights.  Any future consequence from having a community-control violation

as part of Johnson's record is not a per se collateral disability.  *See State v. Tidd*, 2d Dist. Montgomery No. 24922, 2012-Ohio-4982, ¶ 16 ("We are not persuaded that the sentencing calculus employed by a court in the future, in the event that an appellant should, in the future, commit a criminal offense and be convicted and sentenced, represents a collateral disability.")

**{¶14}** Accordingly, Johnson's appeal of the trial court's decision revoking her community control is dismissed.

CONCLUSION

**{¶15}** We dismiss the appeal because the only issue raised by Johnson is moot.  Johnson completed the STAR CBCF treatment program per the trial court's community-control revocation sentence and has since been discharged from probation.

**APPEAL DISMISSED.**

## **JUDGMENT ENTRY**

It is ordered that the APPEAL IS DISMISSED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. and Abele, J.:  Concur in Judgment and Opinion.


For the Court,


BY: _____
Kristy S. Wilkin, Judge


### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**