[Cite as *State v. McCauley*, 2023-Ohio-2133.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, ET AL. | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | Case No. 2022AP100043 |
| | : | |
| JUSTIN MCCAULEY | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Tuscarawas County
                             Court of Common Pleas, Case No.
                             2021CR040131

JUDGMENT:                    AFFIRMED

DATE OF JUDGMENT ENTRY:      June 26, 2023

APPEARANCES:

For Plaintiff-Appellee State of Ohio:        For Defendant-Appellee:

KRISTINE BEARD                               CHRISTOPHER DELACRUZ
TUSC. CO. PROSECUTOR'S OFFICE                108 E. High St., Suite 3
125 East High Ave.                           New Philadelphia, OH 44663
New Philadelphia, OH 44663

For Victim-Appellants RM, RP, and NP

ELIZABETH WELL
LATINA BAILEY
Ohio Crime Victim Justice Center
3976 North Hampton Drive
Powell, OH 43065

*Delaney, J.*

{¶1}   Appellants in this matter are minor complainant R.M. and parents R.P. and N.P. They appeal from the October 5, 2022 Judgment Entry of the Tuscarawas County Court of Common Pleas overruling their request for R.P. and N.P. to be present throughout trial as designated victims or victim representatives. Appellees are plaintiff state of Ohio and Defendant Justin McCauley.

**FACTS AND PROCEDURAL HISTORY**

{¶2}  This matter arose on April 23, 2021, when Defendant was indicted upon two counts of gross sexual imposition involving two different minor complainants. Defendant entered pleas of not guilty and moved for separate trials on each of the two counts. The trial court granted the motion for separate trials and ordered that Count I, involving minor R.M., would be tried first, beginning on September 27, 2022.

{¶3}  At the final pretrial on September 15, 2022, the state and Defendant moved for separation of witnesses.  The parties anticipated calling R.M.'s parents, R.P. and N.P., as material witnesses, and Defendant objected to the parents' presence in the courtroom throughout the trial.

{¶4}  R.M.'s counsel from the Ohio Crime Victims Justice Center was present throughout the trial court proceedings as a victim advocate. On September 29, 2022, counsel argued R.P. and N.P. were also victims of the offense alleged in Count I and were entitled to be present in the courtroom throughout the trial pursuant to Marsy's Law. In the alternative, counsel argued R.P. and N.P. should be permitted to be present in the courtroom throughout trial as R.M.'s "victim representatives" pursuant to R.C. 2930.09.

{¶5} The trial court disagreed and found that R.P. and N.P. would not be designated as "victims;" nor would they serve as R.M.'s representatives because they were both potentially material witnesses at trial. The trial court offered to continue the matter to permit a different family member to be present and serve as R.M.'s victim representative, but counsel stated a victim advocate from their office could be present and they (R.M., R.P., and N.P.) did not want the matter to be continued.

{¶6} The matter proceeded to trial by jury on Count I regarding R.M.'s allegations. Defendant was found not guilty.

{¶7} On October 5, 2022, the trial court journalized a Judgment Entry memorializing the verdict of not guilty and stating the following in pertinent part:

* * * *.

Prior to opening statements and the presentation of evidence, both parties made motions for separation of witnesses. The Court granted both motions. Attorney Latina Bailey appeared on behalf of R.M., N.P., and R.P. Attorney Bailey argued that N.P. and R.P. are victims pursuant to the Ohio Constitution and Revised Code. The Court disagreed and concluded that the alleged victim shall be limited to the alleged victim designated in the indictment. The Court also ruled that the alleged victim, R.M., can be present throughout the trial or a representative as long as the representative is not a material witness in the trial. The Court also informed the alleged victims' counsel that a continuance would be granted to allow for a representative to be present.

Counsel for R.M. declined the Court's offer. The Court also had a brief discussion with R.M.'s counsel regarding any possible appeal that R.M. might want to pursue, and the Court was informed that it was the wishes of her clients to have the matter proceed.

* * * *.

The Court further FINDS that the Not Guilty verdict returned by the Jury relative to Count One of the Indictment in this case requires that Count One of the Indictment be dismissed with prejudice to refiling.

* * * *.

{¶8} R.M., N.P., and R.P. now appeal from the trial court's Judgment Entry of October 5, 2022, and raise three assignments of error:

## ASSIGNMENTS OF ERROR

{¶9} "I. THE TRIAL COURT ERRED WHEN IT RULED THAT R.P. AND N.P. DID NOT MEET THE DEFINITION OF "VICTIM" IN OHIO CONSTITUTION, ARTICLE I, SECTION 10A(D)."

{¶10} "II. THE TRIAL COURT ERRED WHEN IT REFUSED TO ALLOW R.P. OR N.P. TO BE DESIGNATED VICTIM REPRESENTATIVE FOR R.M. PURSUANT TO OHIO CONSTITUTION, ARTICLE I, SECTION 10A(B) AND REVISED CODE SECTION 2930.02."

{¶11} "III. THE TRIAL COURT ERRED WHEN IT DENIED R.P. AND N.P. THE RIGHT TO BE PRESENT DURING TRIAL."

**ANALYSIS**

I., II., III.

{¶12} Appellants R.M., N.P., and R.P.'s assignments of error are related and will be addressed together.  Because we find the issues presented are moot and no justiciable controversy exists, we dismiss the instant appeal.

{¶13} "Mootness is a jurisdictional question because the Court 'is not empowered to decide moot questions or abstract propositions.' " *State v. Battigaglia*, 5th Dist. Stark No. 2020CA00157, 2021-Ohio-2758, ¶ 11, citing *State v. Feister*, 5th Dist. Tuscarawas No. 2018 AP 01 0005, 2018-Ohio-2336, ¶ 28, internal citations omitted.  Ohio courts have long exercised judicial restraint in cases that are not actual controversies. *Battigaglia*, supra, citing *Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371, 372 (1970).

{¶14} The Ohio Supreme Court has interpreted a "justiciable matter" to mean the existence of an actual controversy, a genuine dispute between adverse parties. *State v. Wolfe*, 5th Dist. Licking No. 2020CA00021, 2020-Ohio-5501, ¶ 45, citing *State ex rel. Barclays Bank PLC v. Hamilton Cty. Court of Common Pleas*, 74 Ohio St.3d 536, 542, 660 N.E.2d 458 (1996). In order for a justiciable question to exist, the "threat" to a party's position "must be actual and genuine and not merely possible or remote." *Wolfe*, supra, citing *M6 Motors, Inc. v. Nissan of N. Olmsted, L.L.C.*, 2014-Ohio-2537, 14 N.E.3d 1054, ¶ 17, *citing Mid–Am. Fire & Cas. Co. v. Heasley*, 113 Ohio St.3d 133, 2007-Ohio-1248, 863 N.E.2d 142, ¶ 9.

{¶15} In the instant case, Defendant has been found not guilty by the jury upon Count I, relating to the allegations of R.M. No real or actual controversy exists between Defendant, R.M., N.P., and R.P.  The requested relief would provide no rights or relief to

any of the appellants because the case is concluded; the issues they presented to this Court are moot.

{¶16} Finally, we note  that pursuant to Marsy's Law upon which appellants partially rely, timely appeal could have been made from the trial court's decision at the final pretrial, before the case proceeded to jury trial. Ohio Constitution, Article I, Section 10a(B) states the following:

> The victim, the attorney for the government upon request of the victim, or the victim's other lawful representative, in any proceeding involving the criminal offense or delinquent act against the victim or in which the victim's rights are implicated, may assert the rights enumerated in this section and any other right afforded to the victim by law. If the relief sought is denied, the victim or the victim's lawful representative may petition the court of appeals for the applicable district, which shall promptly consider and decide the petition.

{¶17} The possibility of an immediate appeal was discussed at the motions hearing on September 29, 2022, but appellants did not appeal and noted they wanted the trial to proceed.

{¶18} Now that Count I was tried to verdict, no justiciable controversy remains and appellants' issues regarding the status of parents as designated victims or representatives are not properly before this Court.

**CONCLUSION**

{¶19} For the foregoing reasons, the instant appeal is dismissed as moot.

By: Delaney, J.,

Gwin, P.J. and

King, J., concur.