[Cite as *State v. Baldwin*, 2023-Ohio-3265.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2022AP120056 |
| | : | |
| BRET BALDWIN | : | |
| | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Tuscarawas County
Court of Common Pleas, Case No.
2020CR010012

JUDGMENT:                         DISMISSED

DATE OF JUDGMENT ENTRY:           September 13, 2023

APPEARANCES:

For Plaintiff-Appellee:                    For Defendant-Appellant:

RYAN D. STYER                              DAVID V. PATTON
TUSCARAWAS CO. PROSECUTOR                  34194 Aurora Road, Ste. 242
KRISTINE W. BEARD                          Solon, OH 44139
125 E. High St.
New Philadelphia, OH 44663

*Delaney, J.*

{¶1} Appellant Bret Baldwin appeals from the December 8, 2022 Judgment Entry of the Tuscarawas County Court of Common Pleas overruling his Motion to Modify Sentencing Order. Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} This case arose from the trial court's decision prohibiting appellant from consuming THC in any form as a condition of supervision on community control, which has now been terminated.

{¶3} In May 2020, appellant was convicted of felony domestic violence, having weapons while under disability, abduction, and disrupting public services. He was sentenced to a 4-year term of community control with conditions, including a prohibition against consuming "THC in any form."[1]

{¶4} On February 17, 2021, appellant filed a motion to modify the terms and conditions of community control to permit him to lawfully use medical marijuana and the trial court overruled the motion.

{¶5} Appellant appealed from the trial court's entry overruling his motion to modify. In *State v. Baldwin*, 5th Dist. Tuscarawas No. 2021 AP 06 0013, 2021-Ohio-4602, at ¶ 19, we found the trial court erred in treating appellant's motion to modify as a petition for postconviction relief, reversed the judgment, and remanded the matter to the trial court for its consideration of the motion's merits.

---

[1] "THC" is delta-9 tetrahydrocannabinol, a psychoactive cannabinoid in the cannabis plant.

{¶6} The trial court held an evidentiary hearing on March 7, 2022, and overruled the motion to modify by judgment entry dated December 8, 2022.

{¶7} Appellant instituted the instant appeal from the trial court's decision on December 30, 2022.

{¶8} On January 20, 2023, the trial court released appellant from community control sanctions and terminated supervision.[2] Appellant was discharged from community control supervision and all civil rights were restored.

{¶9} Appellant now raises eleven assignments of error:

**ASSIGNMENTS OF ERROR**

{¶10} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING DEFENDANT'S MOTION TO MODIFY COMMUNITY CONTROL SANCTIONS SUCH THAT DEFENDANT MAY LAWFULLY USE MEDICAL MARIJUANA WHILE ON PROBATION BECAUSE THE DEFENDANT HAS THE RIGHT TO DO SO UNDER THE CRUEL AND UNUSUAL PUNISHMENT CLAUSE OF THE EIGHTH AMENDMENT TO THE U.S. CONSTITUTION."

{¶11} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING DEFENDANT'S MOTION TO MODIFY COMMUNITY CONTROL SANCTIONS SUCH

---

[2] The trial court retained jurisdiction to terminate appellant's community-control sanction after the filing of the notice of appeal because the termination entry is not inconsistent with the issue before us [use of medical marijuana during term of community control]. See, *State v. Johnson*, 4th Dist. Hocking No. 20CA11, 2022-Ohio-1511, ¶ 10. Upon filing of a notice of appeal, the trial court loses jurisdiction except to act in aid of the appeal. *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97, 9 O.O.3d 88, 378 N.E.2d 162 (1978). The trial court retains jurisdiction over issues not inconsistent with the appellate court's jurisdiction to reverse, modify, or affirm the judgment appealed from. *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, 829 N.E.2d 1207, ¶ 9.

THAT DEFENDANT MAY LAWFULLY USE MEDICAL MARIJUANA WHILE ON PROBATION BECAUSE THE DEFENDANT HAS THE RIGHT TO DO SO UNDER THE CRUEL AND UNUSUAL PUNISHMENT CLAUSE OF OHIO CONSTITUTION, ARTICLE I, SECTION 9."

{¶12} "III. THE TRIAL COURT'S ORDER DENYING DEFENDANT'S MOTION TO MODIFY COMMUNITY CONTROL SANCTIONS SUCH THAT DEFENDANT MAY LAWFULLY USE MEDICAL MARIJUANA WHILE ON PROBATION FAILS THE RATIONAL BASIS TEST AND, THEREFORE, THE DEFENDANT HAS THE RIGHT TO DO SO UNDER THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION."

{¶13} "IV. THE TRIAL COURT'S ORDER DENYING DEFENDANT'S MOTION TO MODIFY COMMUNITY CONTROL SANCTIONS SUCH THAT DEFENDANT MAY LAWFULLY USE MEDICAL MARIJUANA WHILE ON PROBATION FAILS THE RATIONAL BASIS TEST AND, THEREFORE, THE DEFENDANT HAS THE RIGHT TO DO SO UNDER THE EQUAL PROTECTION CLAUSE OF THE OHIO CONSTITUTION."

{¶14} "V. THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING DEFENDANT'S MOTION TO MODIFY COMMUNITY CONTROL SANCTIONS SUCH THAT DEFENDANT MAY LAWFULLY USE MEDICAL MARIJUANA WHILE ON PROBATION BECAUSE FUNDAMENTAL FAIRNESS REQUIRES THAT HE BE PERMITTED TO DO SO UNDER THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION."

{¶15} "VI. THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING DEFENDANT'S MOTION TO MODIFY COMMUNITY CONTROL SANCTIONS SUCH

THAT DEFENDANT MAY LAWFULLY USE MEDICAL MARIJUANA WHILE ON PROBATION BECAUSE FUNDAMENTAL FAIRNESS REQUIRES THAT HE BE PERMITTED TO DO SO UNDER THE DUE COURSE OF LAW CLAUSE OF THE OHIO CONSTITUTION."

{¶16} "VII. THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING DEFENDANT'S MOTION TO MODIFY COMMUNITY CONTROL SANCTIONS SUCH THAT DEFENDANT MAY LAWFULLY USE MEDICAL MARIJUANA WHILE ON PROBATION BECAUSE THE DEFENDANT HAS THE RIGHT TO DO SO UNDER OHIO CONSTITUTION, ARTICLE I, SECTION 21(B)'S RIGHT TO PURCHASE HEALTH CARE."

{¶17} "VIII. THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING DEFENDANT'S MOTION TO MODIFY COMMUNITY CONTROL SANCTIONS SUCH THAT DEFENDANT MAY LAWFULLY USE MEDICAL MARIJUANA WHILE ON PROBATION BECAUSE THE COMMUNITY CONTROL SANCTION STATUTES (R.C. AND 2929.17) ARE UNCONSTITUTIONAL AS APPLIED TO THE DEFENDANT."

{¶18} "IX. THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING DEFENDANT'S MOTION TO MODIFY COMMUNITY CONTROL SANCTIONS SUCH THAT DEFENDANT MAY LAWFULLY USE MEDICAL MARIJUANA WHILE ON PROBATION BECAUSE THE TRIAL COURT'S SENTENCING ORDER VIOLATES THE DEFENDANT'S STATUTORY RIGHT TO USE MEDICAL MARIJUANA PURSUANT TO R.C. 3796.22(A)(1)."

{¶19} "X. THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING DEFENDANT'S MOTION TO MODIFY COMMUNITY CONTROL SANCTIONS SUCH THAT DEFENDANT MAY LAWFULLY USE MEDICAL MARIJUANA WHILE ON PROBATION BECAUSE THE TRIAL COURT'S COMMUNITY CONTROL SANCTIONS REGARDING MEDICAL MARIJUANA FAIL TO SATISFY ANY OF THE *TALLY* FACTORS."

{¶20} "XI. THE TRIAL COURT ERRED AS A MATTER OF LAW IN FAILING TO OBEY THE APPELLATE COURT'S REMAND ORDER TO DECIDE THE DEFENDANT'S MOTION TO MODIFY COMMUNITY CONTROL SANCTIONS ON THE MERITS."

**ANALYSIS**

I. – XI.

{¶21} Appellant argues the trial court erred in overruling the motion to modify terms of his community control in order to permit him to use medical marijuana. Appellee moves us to dismiss the appeal, arguing the matter is moot because appellant's community-control supervision has now been terminated. We agree with appellee and therefore dismiss the appeal for the following reasons.

{¶22} Appellant's appeal arises not from his original convictions, but from an attempt to modify a term of his community-control sanction, which has now been terminated. See, *State v. Tidd*, 2nd Dist. Montgomery No. 24922, 2012-Ohio-4982, ¶ 12 [* * * any meaningful relief that this court could provide would be the reversal of the * * * sentence which defendant already completed].

{¶23} We agree with appellee that the question of appellant's lawful use of medical marijuana during his term of probation is moot. " 'It is not the duty of the court to

answer moot questions, and when, pending proceedings in error in this court, an event occurs, without the fault of either party, which renders it impossible for the court to grant any relief, it will dismiss the petition in error.' " *State ex rel. Gaylor, Inc. v. Goodenow,* 125 Ohio St.3d 407, 2010-Ohio-1844, 928 N.E.2d 728, ¶ 10, quoting *Miner v. Witt*, 82 Ohio St. 237, 92 N.E. 21 (1910), syllabus. "Where a defendant, convicted of a criminal offense, has voluntarily paid the fine or completed the sentence for that offense, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction." *State v. Wilson*, 41 Ohio St.2d 236, 325 N.E.2d 236 (1975), syllabus.

{¶24} Appeals arising from community-control issues tend to expire with the term of community control, especially as here where the defendant suffers no collateral disability. The mootness doctrine has been applied to appeals from a trial court's decision to revoke community control. "An appeal from the revocation of community control is moot where the defendant has served the jail or prison sentence imposed, and there is no indication that the defendant is on post-release control or is subject to collateral liability." *State v. Moughler*, 2d Dist. Champaign No. 2017-CA-11, 2018-Ohio-1055, ¶ 7; see also, *State v. Johnson*, 4th Dist. Hocking No. 20CA11, 2022-Ohio-1511, ¶ 9 [defendant's underlying community-control sanction terminated by trial court during pendency of appeal].

{¶25} We are not authorized to opine on appellant's use of medical marijuana at this point. This appeal is limited to the trial court's decision overruling his motion to modify a term of his probation. "Mootness is a jurisdictional question because the Court 'is not empowered to decide moot questions or abstract propositions.' " *State v. Battigaglia*, 5th

Dist. Stark No. 2020CA00157, 2021-Ohio-2758, ¶ 11, citing *State v. Feister*, 5th Dist. Tuscarawas No. 2018 AP 01 0005, 2018-Ohio-2336, ¶ 28, internal citations omitted. Ohio courts have long exercised judicial restraint in cases that are not actual controversies. *Battigaglia*, supra, citing *Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371, 372 (1970).

{¶26} The Ohio Supreme Court has interpreted a "justiciable matter" to mean the existence of an actual controversy, a genuine dispute between adverse parties. *State v. Wolfe*, 5th Dist. Licking No. 2020CA00021, 2020-Ohio-5501, ¶ 45, citing *State ex rel. Barclays Bank PLC v. Hamilton Cty. Court of Common Pleas*, 74 Ohio St.3d 536, 542, 660 N.E.2d 458 (1996). In order for a justiciable question to exist, the "threat" to a party's position "must be actual and genuine and not merely possible or remote." *Wolfe*, supra, citing *M6 Motors, Inc. v. Nissan of N. Olmsted, L.L.C.*, 2014-Ohio-2537, 14 N.E.3d 1054, ¶ 17, *citing Mid–Am. Fire & Cas. Co. v. Heasley*, 113 Ohio St.3d 133, 2007-Ohio-1248, 863 N.E.2d 142, ¶ 9.

{¶27} In the instant case, the appellant has been released from community control and his civil rights have been restored. The requested relief would provide no rights or relief to appellant because the case is concluded; the issues presented to this Court are moot. *State v. McCauley*, 5th Dist. Tuscarawas No. 2022AP100043, 2023-Ohio-2133, ¶ 15. Accordingly, the appeal is dismissed.

**CONCLUSION**

{¶28} For the foregoing reasons, appellee's motion is granted and the appeal is dismissed as moot.

By: Delaney, J.,

Hoffman, P.J. and

Wise, J., concur.