[Cite as *State v. Bradley*, 2025-Ohio-304.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| JOSEPH BRADLEY, | : | Case No. 24 CAA 02 011 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:                Appeal from the Delaware County
                                                                  Court of Common Pleas, Case No.
                                                                  23-CR-I-07-0366




JUDGMENT:                                             Dismissed




DATE OF JUDGMENT:                           January 31, 2025




APPEARANCES:

For Plaintiff-Appellee                                For Defendant-Appellant

MELISSA A. SCHIFFEL                            APRIL F. CAMPBELL
Prosecuting Attorney                               Campbell Law, LLC
                                                               545 Metro Place South, Suite 100
By: KATHERYN L. MUNGER                    Dublin, Ohio 43017
Assistant Prosecuting Attorney
Delaware County Prosecutor's Office
145 North Union Street, 3rd Floor
Delaware, Ohio 43017

*Baldwin, J.*

**{¶1}** The appellant, Joseph Bradley, appeals the judgment of the Delaware County Court of Common Pleas denying his motion to dismiss. The appellee is the State of Ohio. The relevant facts leading to the appeal are as follows.

## STATEMENT OF THE FACTS AND THE CASE

**{¶2}** On July 20, 2023, the appellant was indicted on one count of Having Weapons While Under Disability in violation of R.C. §2923.13(A)(1).

**{¶3}** On September 18, 2023, the appellant filed a motion to dismiss.

**{¶4}** On October 11, 2023, the trial court held a hearing on the appellant's motion to dismiss.

**{¶5}** On November 13, 2023, the trial court denied the appellant's motion to dismiss.

**{¶6}** On January 10, 2024, the appellant entered into a plea agreement, where the appellant would enter a plea of no contest to an amended charge of Improper Handling Firearms in a Motor Vehicle in violation of §2923.16(C).

**{¶7}** The appellant filed a timely notice of appeal and herein raises the following two assignments of error:

**{¶8}** "I. BRADLEY'S MOTION TO DISMISS SHOULD HAVE BEEN GRANTED: THE TRIAL COURT ERRED IN APPLYING THE WRONG STANDARD. IT IMPERMISSIBLY PLACED THE BURDEN ON BRADLEY WITHOUT REQUIRING THE STATE TO MEET ITS BURDEN.

THE STATE DID NOT MEET ITS BURDEN UNDER *BRUEN*: IT DID NOT PROVE THAT THE FUGITIVES FROM JUSTICE COMPONENT OF THE WEAPONS WHILE UNDER

DISABILITY STATUTE IS CONSITENT WITH THE NATION'S HISTORICAL TRADITION OF FIREARM REGULATION."

{¶9}    "II. THE TRIAL COURT'S MOTION TO DISMISS DECISION SHOULD BE REVERSED BECAUSE THE SUBSECTION OF THE HAVING WEAPONS WHILE UNDER DISABILITY STATUTE THAT PROHIBITS FUGITIVES FROM JUSTICE FROM POSSESSING A WEAPON, R.C. §2923.13(A)(1), IS FACIALLY INVALID."

**I., II.**

**DOCTRINE OF MOOTNESS**

{¶10} As an initial matter, we first must determine whether the appellant's assignments of error are moot.

{¶11} The Ohio Supreme Court discussed mootness in *State ex rel. Ames v. Summit Cnty. Ct. of Common Pleas*, 2020-Ohio-354, stating:

> " 'A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.' " *State ex rel. Gaylor, Inc. v. Goodenow*, 125 Ohio St.3d 407, 2010-Ohio-1844, 928 N.E.2d 728, ¶10-11, quoting *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 941 (1969). Because Ames seeks to prevent Judge Rowlands from exercising jurisdiction in a now dismissed case, this writ action is no longer "live." And although under certain circumstances a writ of prohibition may be granted to prevent the future unauthorized exercise of jurisdiction *and* to "correct the results of previously jurisdictionally authorized actions," *State ex rel. Wilkinson v. Reed*, 99 Ohio St.3d 106,

2003-Ohio-2506, 789 N.E.2d 203, ¶14, this appeal may not continue solely to determine whether Judge Rowlands had jurisdiction to issue the November 2018 order reinstating the underlying case. Here, a decision on whether a trial court had authority to reinstate a case that has since been dismissed would result in a purely advisory opinion.

*Id.* at ¶8. Mootness was subsequently discussed by this Court in *State v. McCauley*, 2023-Ohio-2133 (5th Dist.):

> "Mootness is a jurisdictional question because the Court 'is not empowered to decide moot questions or abstract propositions.' " *State v. Battigaglia*, 5th Dist. Stark No. 2020CA00157, 2021-Ohio-2758, ¶11, citing *State v. Feister*, 5th Dist. Tuscarawas No. 2018 AP 01 0005, 2018-Ohio-2336, ¶28, internal citations omitted. Ohio courts have long exercised judicial restraint in cases that are not actual controversies. *Battigaglia*, supra, citing *Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371, 372 (1970).
>
> The Ohio Supreme Court has interpreted a "justiciable matter" to mean the existence of an actual controversy, a genuine dispute between adverse parties. *State v. Wolfe*, 5th Dist. Licking No. 2020CA00021, 2020-Ohio-5501, ¶45, citing *State ex rel. Barclays Bank PLC v. Hamilton Cty. Court of Common Pleas*, 74 Ohio St.3d 536, 542, 660 N.E.2d 458 (1996). In order for a justiciable question to exist, the "threat" to a party's position "must be actual and genuine and not merely possible or remote." *Wolfe*, supra, citing *M6 Motors, Inc. v. Nissan of N.Olmstead, L.L.C.*, 2014-Ohio-

2537, 14 N.E.3d 1054, ¶17, *citing Mid-Am. Fire & Cas. Co. v. Heasley*, 113

Ohio St.3d 133, 2007-Ohio-1248, 863 N.E.2d 142, ¶9.

*Id.* at ¶13-14.

**{¶12}** Although the mootness doctrine has exceptions, none apply in the case at bar. See, e.g. *In re Appeal of Suspension of Huffer from Circleville High School*, 47 Ohio St.3d 12, 546 N.E.2d 1308 (1989), paragraph one of the syllabus (noting the two exceptions to the mootness doctrine are when "the issues are capable of repetition, yet evading review" or the case "involves a matter of public or great general interest").

**{¶13}** In the case *sub judice*, the appellant is challenging the trial court's denial of the appellant's motion to dismiss the charge of Having Weapons While Under Disability in violation of R.C. §2923.13(A)(1). However, after the trial court denied the motion, the appellant and appellee entered into a plea agreement where the appellant entered a plea of no contest to a different charge, Improperly Handling Firearms in a Motor Vehicle in violation of §2923.16(C). As the charge of Having Weapons While Under Disability was amended to Improperly Handling Firearms, a decision on whether the trial court erred in denying a motion to dismiss the charge of Having Weapons While Under Disability would be purely advisory as the appellant was not convicted of that charge. Therefore, this is not a "live" controversy as explained in *State ex rel. Ames v. Summit Cnty. Ct. of Common Pleas*, 2020-Ohio-354.

**{¶14}** Accordingly, the appellant's first and second assignments of error are moot and the appeal is dismissed.

By: Baldwin, J.

Hoffman, P.J. and

King, J. concur.