[Cite as *State v. Caudill*, 2026-Ohio-1111.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SHELBY COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

v.

JACQUELINE M. CAUDILL,

    DEFENDANT-APPELLANT.

CASE NO. 17-25-14

OPINION AND
JUDGMENT ENTRY

---

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

v.

JACQUELINE M. CAUDILL,

    DEFENDANT-APPELLANT.

CASE NO. 17-25-15

OPINION AND
JUDGMENT E N T R Y

---

Appeals from Shelby County Common Pleas Court
Trial Court Nos. 23CR000056 and 23CR000059

Appeals Dismissed

Date of Decision: March 30, 2026

Case Nos. 17-25-14, 15

**APPEARANCES:**

*David V. Patton* **for Appellant**

*Michael P. Doyle, Jr.* **for Appellee**

**MILLER, J.**

{¶1} In this consolidated appeal, defendant-appellant, Jacqueline M. Caudill ("Caudill"), appeals the September 15, 2025 judgments of the Shelby County Court of Common Pleas denying her motions to use medical marijuana while on community control. For the reasons that follow, we dismiss the appeals as moot.

{¶2} In Caudill's direct appeal, we set forth in detail the factual and procedural background of this case, and we will not duplicate those efforts here. *State v. Caudill*, 2025-Ohio-787, ¶ 1-15 (3d Dist.). Relevant to the instant appeals, Caudill was indicted in February 2023 in trial court case number 23-CR-56 on a single count of obstructing justice. Several weeks later, Caudill was indicted in case number 23-CR-59 of four additional counts: intimidation of a witness, obstructing justice, assault, and resisting arrest.

{¶3} On May 14, 2024, a jury trial was held on the intimidation of a witness and obstructing justice charges in case number 23-CR-59 and the single obstructing justice claim in case number 23-CR-56. At the conclusion of the trial, the jury found

Caudill guilty of all three counts. On June 26, 2024, the trial court sentenced Caudill to five years of community control supervision.

{¶4} Caudill challenged her conviction on direct appeal; however, in a March 10, 2025 opinion, this court overruled her assignments of error and upheld her convictions. *Id.* at ¶ 1, 30, 36, 45.

{¶5} On August 18, 2025, Caudill filed motions requesting the court to permit her to lawfully use medical marijuana while serving her community control sentence. In her motions, Caudill stated that on August 4, 2025, the State issued her an Ohio Medical Marijuana Control Program registry card. She argued that "as a duly registered medical marijuana patient in Ohio, [she] has the absolute right to lawfully use medical marijuana while she is currently serving a community control sentence for non-drug related crimes" pursuant to the federal and state constitutions, including the prohibitions against cruel and unusual punishment, the equal protection clause, the due process clause, and the right to purchase health care.

{¶6} On August 26, 2025, the trial court filed judgment entries requesting additional information, including relevant medical records, diagnosis and treatment recommendations, and information regarding the use of medical marijuana as an appropriate treatment modality for Caudill.

{¶7} On September 2, 2025, Caudill's probation officer filed notices of failure to comply with community control sanctions. Specifically, the filings

-3-

alleged that Caudill tested positive for THC and admitted to using THC on August 31, 2025 in violation of the terms of her community control.

{¶8} Several days later, Caudill filed her objections and response to the court's entries requesting additional information. On September 15, 2025, the trial court filed judgment entries denying Caudill's motion to use medical marijuana indicating the Court was unable to make an informed decision regarding the merits of the motion due to the lack of information.[1]

{¶9} On September 22, 2025, Caudill filed notices of appeal challenging the trial court's denial of her motion to use medical marijuana.[2] She raises 11 assignments of error for our review.

### First Assignment of Error

**The trial court erred as a matter of law in denying defendant's motion to modify community control sanctions such that defendant may lawfully use medical marijuana while on probation because the defendant has the right to do so under the Cruel and Unusual Punishment Clause of the Eighth Amendment of the U.S. Constitution.**

### Second Assignment of Error

**The trial court erred as a matter of law in denying defendant's motion to modify community control sanctions such that**

---

[1] The judge who presided over the trial proceedings retired from the bench and his successor recused himself. Consequently, a judge who was less familiar with the defendant and the prior proceedings was appointed specifically in response to Caudill's motion to use medical marijuana.
[2] The appeals were consolidated for briefing and argument with Shelby County case number 23-CR-56 corresponding to appeal number 17-25-14 and Shelby County case number 23-CR-59 corresponding to appeal number 17-25-15.

defendant may lawfully use medical marijuana while on probation because the defendant has the right to do so under the Cruel and Unusual Punishment Clause of Ohio Constitution, Article I, Section 9.

### Third Assignment of Error

The trial court's order denying defendant's motion to modify community control sanctions such that defendant may lawfully use medical marijuana while on probation fails the rational basis test and, therefore, the defendant has the right to do so under the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.

### Fourth Assignment of Error

The trial court's order denying defendant's motion to modify community control sanctions such that defendant may lawfully use medical marijuana while on probation fails the rational basis test and, therefore, the defendant has the right to do so under the Equal Protection Clause of Ohio Constitution, Article I, Section 2.

### Fifth Assignment of Error

The trial court erred as a matter of law in denying defendant's motion to modify community control sanctions such that defendant may lawfully use medical marijuana while on probation because fundamental fairness requires that she be permitted to do so under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.

### Sixth Assignment of Error

The trial court erred as a matter of law in denying defendant's motion to modify community control sanctions such that defendant may lawfully use medical marijuana while on probation because fundamental fairness requires that she be

**permitted to do so under the Due Course of Law Clause of Ohio Constitution, Article I, Section 16.**

**Seventh Assignment of Error**

**The trial court erred as a matter of law in denying defendant's motion to modify community control sanctions such that defendant may lawfully use medical marijuana while on probation because the defendant has the right to do so under Ohio Constitution, Article I, Section 21(B)'s right to purchase health care.**

**Eighth Assignment of Error**

**The trial court erred as a matter of law in denying defendant's motion to modify community control sanctions such that defendant may lawfully use medical marijuana while on probation because the community control sanction statutes (R.C. 2929.15 and 2929.17) are unconstitutional as applied to the defendant.**

**Ninth Assignment of Error**

**The trial court erred as a matter of law in denying defendant's motion to modify community control sanctions such that defendant may lawfully use medical marijuana while on probation because the trial court's sentencing order violates the defendant's statutory right to use medical marijuana pursuant to R.C. 3796.22(A)(1).**

**Tenth Assignment of Error**

**The trial court abused its discretion in denying defendant's motion to modify community control sanctions such that defendant may lawfully use medical marijuana while on probation because the trial court's community control sanctions regarding medical marijuana fail to satisfy any of the *Talty* factors.**

**Eleventh Assignment of Error**

**The trial court's demand for "additional information" as a condition precedent to the defendant's lawful use of medical marijuana is *ultra vires* and unlawful.**

{¶10} In her assignments of error, Caudill argues that the trial court violated her constitutional rights by denying her request to use medical marijuana while on community control and for requesting "additional information" from Caudill from which to base its decision. However, our review of the record before us indicates that Caudill's appeals are moot.

{¶11} Specifically, the record indicates that on September 23, 2025, Caudill appeared for a hearing on the alleged violation of her community control. At the conclusion of the hearing, the trial court found that Caudill violated the terms of her community control. The trial court then sentenced Caudill to 90 days in jail for the violation of her community control in each of the cases, to be served concurrently and to commence immediately. The attendant judgment entries, filed the following day, specify that "[a]fter completion of her jail sentence, her term of community control sanctions shall end."[3]

---

[3] Caudill subsequently appealed the judgment entries finding her use of marijuana was a violation of her community control sanctions in appellate case numbers 17-25-16 and 17-25-17 which related to Shelby County cases 23-CR-56 and 23-CR-59, respectively. Although Caudill voluntarily dismissed those appeals, we take judicial notice of our own records. *See State ex rel. Roush v. Hickson*, 2023-Ohio-1696, ¶ 7, quoting *Indus. Risk Insurers v. Lorenz Equip. Co.*, 69 Ohio St.3d 576, 580 (1994) ("'[i]t is axiomatic that a trial court may take judicial notice of its own docket.'").

**{¶12}** "At common law, courts considered appeals in criminal cases to be moot if the appellant had completed the sentence prior to a ruling on the appeal on the basis that if a sentence had been served, a favorable judgment could not 'operate to undo what has been done or to restore to petitioner the penalty of the term of imprisonment which he has served.'" *City of Cleveland Hts. v. Lewis*, 2011-Ohio-2673, ¶ 17, quoting *St. Pierre v. United States*, 319 U.S. 41, 42-43, 63 S.Ct. 910 (1943). In accordance with this principle, the Ohio Supreme Court in *Wilson* held that an appeal is moot when a defendant convicted of a criminal offense (1) has voluntarily paid the fine or completed the sentence for that offense and (2) "no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction." *State v. Wilson*, 41 Ohio St.2d 236 (1975), syllabus.

**{¶13}** Likewise, "[a]ppeals arising from community-control issues tend to expire with the term of community control[.]" *State v. Baldwin*, 2023-Ohio-3265, ¶ 24 (5th Dist.). "An appeal from the revocation of community control is moot where the defendant has served the jail or prison sentence imposed, and there is no indication that the defendant is on post-release control or is subject to collateral disability." *State v. Moughler*, 2018-Ohio-1055, ¶ 7 (2d Dist.).

**{¶14}** "'Mootness is a jurisdictional question because the Court "is not empowered to decide moot questions or abstract propositions."'" *Baldwin* at ¶ 25,

quoting *State v. Battigaglia*, 2021-Ohio-2758, ¶ 11 (5th Dist.), quoting *State v. Feister*, 2018-Ohio-2336, ¶ 18 (5th Dist.). Accordingly, because Caudill has been released from community control and, therefore, is no longer subject to the prohibition from the use of medical marijuana, "the requested relief would provide no rights or relief to appellant because the case is concluded." *Baldwin* at ¶ 27. Accordingly, Caudill's arguments challenging the terms of her community control are moot. *Id*. at ¶ 25-27 (dismissing defendant-appellant's appeal challenging his ability to use medical marijuana while on community control when defendant-appellant had been released from community control).

{¶15} Thus, Caudill's appeals are dismissed.

***Appeals Dismissed***

**WILLAMOWSKI, and WALDICK, J. J., concur.**

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the instant appeal is dismissed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

_____
Mark C. Miller, Judge


_____
John R. Willamowski, Judge


_____
Juergen A. Waldick, Judge

DATED:
/jlm